UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No. 13-19746-KAO |
| CLI HOLDINGS, INC. dba ALYDIAN, | ) | |
| | ) | MOTION TO REJECT EXECUTORY |
| Debtor. | ) | CONTRACTS |
| | ) | |

CLI Holdings, Inc. dba Alydian ("Alydian"), Debtor-In-Possession in the above-captioned chapter 11 case ("Debtor" or "Alydian") by and through its counsel of record, Deirdre Glynn Levin and Keller Rohrback, LLP, seeks an order rejecting certain executory contracts.  In support of this motion, the court is asked to consider the Declaration of Peter Vessenes and Exhibits attached thereto.

## I.   JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## II.   RELIEF SOUGHT

Alydian requests entry of an order, pursuant to 11 U.S.C. §365(a), authorizing the rejection of the executory contracts (the "Bitcoin Services Agreements") attached as Exhibits A - L to the Declaration of Peter Vessenes ("Vessenes Declaration").

MOTION TO REJECT EXECUTORY CONTRACTS
(13-19746-KAO) Page - 1

N:\Clients\29744\1\Pleadings\executorycontracts\Mtn.RejExcCont.doc

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 12    Filed 11/15/13    Ent. 11/15/13 16:34:02    Pg. 1 of 5

# III. FACTS

On November 1, 2013 (the "Petition Date"), the Debtor filed a voluntary case under chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). The Debtor is authorized to continue to operate its business as debtor in possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or creditors' committee has been appointed in this chapter 11 case.

Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case are set forth in the Vessenes Declaration ¶¶ 2-9.

Between December 2012 and August 2013, Alydian entered into Bitcoin Services Agreements with several customers: Christopher Koss, Robert F. Seidensticker III, Brian Cartmell, Barry Silbert, Soule Investments LLC, Dalsa Barbour LLC, Joel Yarmon, Sunshine Network Limited, the Timothy Draper Living Trust, Jon Chin, and Peter Vessenes (the "Customers"). *Id.* ¶ 10.

As explained in further detail in the Vessenes Declaration, the operative term is found in paragraph two of each agreement. With the exception of the agreement with Dalsa Barbour, LLC ("Dalsa Barbour"), Alydian is required to use commercially reasonable efforts to mine a specified number of Bitcoins on the customer's behalf. Vessenes Declaration Ex. F. Alydian is then required to deliver to Customers the Bitcoins ordered as they are mined, on the condition that Customers acknowledges and agree that no delivery of mined Bitcoins is expected to occur before July 1, 2013. After that date, Alydian will deliver to the customer a monthly account of mined Bitcoins consistent with Bitcoins ordered. *Id.* ¶11-12.

MOTION TO REJECT EXECUTORY CONTRACTS
(13-19746-KAO) Page - 2

N:\Clients\29744\1\Pleadings\executorycontracts\Mtn.RejExcCont.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 12    Filed 11/15/13    Ent. 11/15/13 16:34:02    Pg. 2 of 5

Although there is lengthy history which is not pertinent for purposes of this motion, the Alydian/Dalsa Barbour Bitcoin Services Agreement differs from the other Bitcoin Services Agreements. For example, the Dalsa Barbour Bitcoin Services Agreement contains significant qualifiers that could result in no net payment of Bitcoin to Dalsa Barbour. Also, it invokes a "best efforts" standard. *Id.* ¶12, Exhibit F, ¶2. It expressly contemplates that Bitcoin investment is volatile and risky and that Dalsa Barbour incurred that risk. It entitles Dalsa Barbour to no refund. *Id.*

## IV. ARGUMENT AND AUTHORITY

### A. The Bitcoin Services Agreements are executory contracts under 11 U.S.C. §365

The Bitcoin Services Agreements are executory contracts under 11 U.S.C. §365, and were executory as of November 1, 2013, the Petition Date. Each contract is "one on which performance is due to some extent on both sides", a question determined by federal law, as of the petition date. *In re Coast Trading Company, Inc.*, 744 F.2d 686, 692-93 (9th Cir. 1984). The two steps in determining whether a contract is executory are: first, each party to the contract has unperformed obligation as of the petition date; and second, non performance constitutes a material breach excusing performance by the other party under the contract (material breach is a question of non bankruptcy law).

### B. Rejection of the Bitcoin Services Agreements is Supported by the Debtor's Business Judgment

Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract of the debtor." 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *In re Ponoma Valley Medical Group*, 476 F.3d 665 (9th Cir. 2007). "[T]he purpose behind allowing the assumption or rejection . . . is to permit the trustee or debtor-in-possession to use valuable

MOTION TO REJECT EXECUTORY CONTRACTS
(13-19746-KAO) Page - 3

N:\Clients\29744\1\Pleadings\executorycontracts\Mtn.RejExecCont.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 12    Filed 11/15/13    Ent. 11/15/13 16:34:02    Pg. 3 of 5

property of the estate and to 'renounce title to and abandon burdensome property. *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993). A Chapter 11 debtor may reject or assume an executory contract at any time before the confirmation of a reorganization plan. No plan has been confirmed.

Courts defer to a debtor's business judgment in rejecting an unexpired lease or executory contract. *See Bildisco*, 465 U.S. at 523 ("business judgment" standard is applied by the court when approving rejection of executory contracts); *In re G.I. Indus., Inc.*, 204 F.3d 1276, 1282 (9th Cir. 2000)(citation omitted). The bankruptcy court need only do a cursory review. *Ponoma Valley, id.* at 674. Under the business judgment standard, "[a] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.' " *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (quotation omitted).

The "business judgment" standard is not strict; it requires only that rejection of the unexpired lease or executory contract will benefit the debtor's estate. *Navellier v. Sletten*, 262 F.3d 923, 946 n. 12 (9th Cir. 2001); *In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 1996).

The court should approve the rejection of an executory contract under § 365(a) unless it finds that the debtor-in-possession's conclusion that rejection would be "advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." *Ponoma Valley, Id.* at 675.

Based on the Vessenes Declaration, Alydian has examined its obligations associated with each of the Bitcoin Services Agreements and its ability to perform. Alydian's decision is based only on sound business judgment.

MOTION TO REJECT EXECUTORY CONTRACTS
(13-19746-KAO) Page - 4

N:\Clients\29744\1\Pleadings\executorycontracts\Mtn.RejExcCont.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 12    Filed 11/15/13    Ent. 11/15/13 16:34:02    Pg. 4 of 5

Alydian has determined that rejecting the Bitcoin Services Agreements is in the best interests of the estate and its creditors. Vessenes Declaration, ¶14-16. *Id.* The cost of deploying the System has exceeded the value of the Bitcoins mined. Due the increase in the Bitcoin mining network, under the current business model, Alydian cannot generate a positive cash flow from the mining operation. *Id.*

Having exercised its business judgment, Alydian has determined that rejecting the Bitcoin Services Agreements is in the best interests of its estate.

No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

## V.    CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

DATED this 15th day of November, 2013.

KELLER ROHRBACK L.L.P.


By: */s/Deirdre Glynn Levin*
        Deirdre P. Glynn Levin, WSBA #24226
        Attorneys for Debtor

MOTION TO REJECT EXECUTORY CONTRACTS
(13-19746-KAO) Page - 5

N:\Clients\29744\1\Pleadings\executorycontracts\Mtn.RejExcCont.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 12    Filed 11/15/13    Ent. 11/15/13 16:34:02    Pg. 5 of 5