UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| In Re: | ) | NO. 13-19746 |
| | ) | |
| CLI HOLDINGS, INC. dba ALYDIAN, | ) | DECLARATION OF PETER VESSENES |
| | ) | IN SUPPORT OF MOTION TO REJECT |
| Debtor. | ) | EXECUTORY CONTRACTS |
| | ) | |

I, Peter J. Vessenes, make this declaration in support of the Debtor's Motion to Reject Executory Contracts.

1.      I am the managing director of the debtor, CLI Holdings, Inc. dba Alydian ("Alydian").  I have personal knowledge of these facts stated herein.

2.      Alydian, a corporation organized and existing under the laws of the Republic of Seychelles under the International Business Companies Act, was formed in August 2012. Alydian does business in the United States and has an office at 900 Winslow Way East, Suite 100, Bainbridge Island, WA.

3.      A basic explanation of Alydian's business, and the background to its Chapter 11 filing, is appropriate at this juncture.

4.      Alydian owns and operates certain inventory and system designs necessary to implement a large scale Bitcoin mining operation (the "System").  A list of Alydian's assets is set forth on Schedule B on file with this court.

DECLARATION OF PETER VESSENES IN SUPPORT OF MOTION
TO REJECT EXECUTORY CONTRACTS (13-19746) Page - 1

N:\CLIENTS\29744\1\PLEADINGS\EXECUTORYCONTRACTS\VESSENES.DECL.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 13    Filed 11/15/13    Ent. 11/15/13 16:41:58    Pg. 1 of 5

5.     Bitcoins are units of digital currency.  The Bitcoin protocol is an agreed-upon way for two computers to communicate to as to enable Bitcoin users to transmit value over the Internet.  The protocol enables users to send Bitcoins back and forth over the Bitcoin network in exchange for goods and services, or store value.  They may be exchanged without the use of a settling intermediary (such as a bank settling a wire transaction or Visa or Mastercard settling a credit card transaction).  Rather, transactions on the network are verified and secured by participants called Bitcoin "miners".

6.     Since approximately October 2012, Alydian has been a Bitcoin miner.  A Bitcoin miner is incentivized to help secure the Bitcoin network by checking that transactions are validly time-stamped so that users cannot spend Bitcoins which they do not have, and by performing highly specialized cryptographic mathematical work.  In exchange for providing this security, the Bitcoin network issues Bitcoins to miners in a sort of lottery system.  The more securing work that is done, the more "lottery tickets" the miner receives.  The more lottery tickets, the greater the chance of receiving a "lucky ticket", that is, winning the lottery and receiving a Bitcoin.  The System automatically generates a fixed number of Bitcoin daily, a process which will continue until approximately the year 2140.

7.     Because Bitcoins have appreciated in value, an increasing number of miners are dedicated to securing the network.  Consequently, it is more difficult for each one to obtain a "lottery ticket".  This is because the probability of receiving a lucky ticket, thereby earning Bitcoins, is proportionate to the amount of securing work which the miner performs for the network.

8.     CoinLab, Inc. ("CoinLab") is a Delaware corporation which owns 65% of the common stock of Alydian.  CoinLab has served as a Bitcoin business incubator, meaning it aims

DECLARATION OF PETER VESSENES IN SUPPORT OF MOTION
TO REJECT EXECUTORY CONTRACTS (13-19746) Page - 2

N:\CLIENTS\29744\1\PLEADINGS\EXECUTORYCONTRACTS\VESSENES.DECL.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO     Doc 13     Filed 11/15/13     Ent. 11/15/13 16:41:58     Pg. 2 of 5

to create and foster high value businesses which can participate in the Bitcoin ecosystem. CoinLab has built an infrastructure to allow Alydian to construct and work toward implementation of the System. Deployment of the System is very challenging, complex, and requires specialized experience and labor. To implement the System, Alydian provides Bitcoin mining hardware and chips and other servers and equipment necessary for mining. Alydian requires the use of CoinLab's hosting contracts, offices, management, administration, deployment specialists, manufacturing support, and services of CoinLab's engineers. The System is manufactured primarily in Taiwan and the United States, then assembled in Portland, Oregon and deployed at data centers in the United States. Deployment of the System is very costly, and consumes significant energy. Alydian's approximate costs to date are $2M in development and operating, and $2M for inventory and built costs.

9. Pursuant to the terms of an Operations Agreement, CoinLab invoices Alydian and Alydian reimburses CoinLab for its work and work product. CoinLab charges Alydian for its invoiced Direct Costs, plus an administrative fee of ten percent subject to a maximum of $5000 per invoice. *See* Alydian's Statement of Financial Affairs, Question 3b, reflecting invoices Alydian paid during the 90-day period prepetition.

10. During 2012 and 2013, Alydian entered into several prepay contracts with these customers: Christopher Koss, Robert F. Seidensticker III, Brian Cartmell, Barry Silbert, Soule Investments LLC, Dalsa Barbour LLC, Joel Yarmon, Sunshine Network Limited, the Timothy Draper Living Trust, Jon Chin, and myself (collectively, the "Customers"). These contracts are attached hereto and marked Exhibits A-K (the "Bitcoin Services Agreements").

11. For purposes of this motion, the operative term in each of the Bitcoin Services Agreements is found in section 2. In each (except the Dalsa Barbour Agreement, Exhibit F)

DECLARATION OF PETER VESSENES IN SUPPORT OF MOTION
TO REJECT EXECUTORY CONTRACTS (13-19746) Page - 3

N:\Clients\29744\1\Pleadings\executorycontracts\Vessenes.decl.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 13    Filed 11/15/13    Ent. 11/15/13 16:41:58    Pg. 3 of 5

Alydian is required to use commercially reasonable efforts to mine a specified number of Bitcoins on the customer's behalf. Alydian is then required to deliver to Customers the Bitcoins ordered as they are mined, on the condition that Customers acknowledge and agree that no delivery of mined Bitcoins is expected to occur before July 1, 2013. At some point, after that date, Alydian is required to deliver to the customer a monthly account of mined Bitcoins consistent with Bitcoins ordered.

12. Alydian has not delivered any Bitcoins under any of the Bitcoin Services Agreements. In each of the Bitcoin Services Agreements, with the exception of the one with Dalsa Barbour, Customers are entitled to receive a full refund of the dollars it has prepaid if Alydian is unable to deliver the purchased Bitcoins.

13. Alydian originally entered an agreement with Daniel Gallancy, but Dalsa Barbour assigned and assumed that agreement on August 14, 2013. *See* Exhibit F, pages 8-9. Although there is lengthy history which is not pertinent for purposes of this motion, this agreement differs from the other Bitcoin Services Agreements. For example, the Dalsa Barbour agreement provides for significant qualifiers that could result in no net payment of Bitcoin to Dalsa Barbour. Also, it invokes a "best efforts" standard. Exhibit F, ¶ 2. It expressly contemplates that Bitcoin investment is volatile and risky and that Dalsa Barbour incurred that risk. It entitles Dalsa Barbour to no refund. Alydian disputes that any Bitcoins are due under the Bitcoin Services Agreement with Dalsa Barbour.

14. Alydian has used its best efforts to mine Bitcoin. The increase in difficulty made performance under the Bitcoin Services Agreements impracticable, if not impossible. At least three main factors impacted Alydian. First, it faced business challenges, as there were market forces beyond its control, which left Alydian with a fraction of the earnings it anticipated.

DECLARATION OF PETER VESSENES IN SUPPORT OF MOTION
TO REJECT EXECUTORY CONTRACTS (13-19746) Page - 4

N:\Clients\29744\1\Pleadings\executorycontracts\Vessenes.decl.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 13    Filed 11/15/13    Ent. 11/15/13 16:41:58    Pg. 4 of 5

Second, by mid-summer of 2013, it became clear to Alydian that it would require another infusion of capital; however, Alydian was unable to raise new capital. Third, in October 2013, Bitvestment LLC filed a Complaint in the U.S. District Court, Southern District of New York, (13-civ-7632) against Alydian and CoinLab, et al, seeking certain injunctive relief. Shortly after, Alydian sought Chapter 11 bankruptcy protection in this court.

15.     Alydian has analyzed its obligations associated with each of the Bitcoin Services Agreements exhibited hereto, and its ability to perform. The cost of deploying the System has exceeded the value of the Bitcoins mined. Due the increase in the Bitcoin mining network, under the current business model, Alydian cannot generate a positive cash flow from the mining operation. In the exercise of its business judgment, Alydian has determined that rejecting the Bitcoin Services Agreements is in the best interests of its estate.

16.     Alydian continues to operate in order to maximize the value to be returned to the Customers. It anticipates the System to be fully deployed in the next eight to twelve weeks. Alydian anticipates filing a motion under 11 U.S.C. § 363 for sale of its assets. Alydian believes such a sale is the best prospect for maximizing the return to all creditors.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed in Bainbridge Island, Washington this 15th day of November 2013.


*/s/Peter J. Vessenes*
Peter J. Vessenes

DECLARATION OF PETER VESSENES IN SUPPORT OF MOTION
TO REJECT EXECUTORY CONTRACTS (13-19746) Page - 5

N:\CLIENTS\29744\1\PLEADINGS\EXECUTORYCONTRACTS\VESSENES.DECL.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO     Doc 13     Filed 11/15/13     Ent. 11/15/13 16:41:58     Pg. 5 of 5