The Honorable Karen A. Overstreet

Charles R. Ekberg
Tereza Simonyan
Lane Powell PC
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338
(206) 223-7000
(206) 223-7107 Facsimile
Attorney for Bitvestment Partners
 LLC f/k/a Dalsa Barbour LLC

Chapter 11
Hearing Date: December 6, 2013
Response Date: November 29, 2013

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re

CLI HOLDINGS, INC. dba ALYDIAN,

Debtor.

Case No. 13-19746-KAO

BITVESTMENT PARTNERS LLC'S OBJECTION TO DEBTOR'S MOTION TO REJECT EXECUTORY CONTRACTS

COMES NOW Bitvestment Partners LLC f/k/a Dalsa Barbour LLC ("Bitvestment"), by and through its attorneys of record, Charles R. Ekberg, Tereza Simonyan and Lane Powell PC, and Bryan Reyhani and Reyhani Nemirovsky LLP, and submits this objection (the "Objection") in response Debtor's Motion to Reject Executory Contracts (the "Motion"). The Objection is supported by the Declaration of Daniel H. Gallancy (Gallancy Decl.), the Declaration of Bryan I. Reyhani ("Reyhani Decl."), the exhibits attached thereto, and the papers and pleadings filed in this case.

**I.     BACKGROUND**

A.     <u>Parties</u>

Debtor is a Seychelles corporation that conducts business in Washington and Oregon. *See* Declaration of Peter J. Vessenes in ("Vessenes Decl."), ¶2 (Docket No. 13). Debtor engages in the operation of mining Bitcoins, a virtual currency created and maintained

BITVESTMENT PARTNERS LLC'S OBJECTION TO DEBTOR'S
MOTION TO REJECT EXECUTORY CONTRACTS - 1
128054.0001/5887210.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Case 13-19746-KAO    Doc 45    Filed 11/29/13    Ent. 11/29/13 14:22:19    Pg. 1 of 6

through an Internet peer-to-peer network.[1]  The Debtor's two shareholders are CoinLab Inc. ("CoinLab") and XRAY Holdings Limited ("XRAY"), owning 65 percent and 35 percent respectively of Debtor's common stock.  *See* Statement of Financial Affairs, §21 (Docket No. 11).  Debtor's bankruptcy schedules list CoinLab and XRAY as the two largest creditors of the Debtor's bankruptcy estate (the "Estate").  *See* Schedule F (Docket No. 11).

Bitvestment is a New York limited liability company.  Bitvestment engages in Bitcoin-related business and opportunities.  *See* NY Secretary of State's Website.[2]  Bitvestment was formerly known as Dalsa Barbour LLC.  *Id.*  The name change occurred in 2013, with no other changes occurring to the LLC's ownership, capital structure, and contractual relationships.  *Id.*

B.  The Bitcoin Services Agreement with Bitvestment

On or about August 14, 2013, Bitvestment entered into an Amended and Restated Bitcoin Services Agreement (the "Amended Agreement") with CoinLab, CLI Holdings Inc. ("CLI Holdings"), Alydian Inc. ("Alydian" or the "Debtor") (Alydian is in actuality the d/b/a of CLI Holdings), and each of their respective affiliates.  Vessenes Decl., ¶10.

Under the terms of the Amended Agreement, Bitvestment paid $75,000 to Debtor and CoinLab for them to use their "best efforts" and "dedicate 100% of [their] mining output" to producing Bitcoins for Bitvestment until Bitvestment receives 7,984.006735 Bitcoins. Bitvestment paid the $75,000 in December and March of 2012.  (A copy of the Amended Agreement is attached as Exhibit F to Vessenes Decl., Docket No. 13.)  The effect of the contractual requirement that Debtor and CoinLab dedicate 100 percent of their mining output to producing and delivering Bitcoins to Bitvestment puts Bitvestment **first** in line to receive

---

[1] A more detailed description of Debtor's business is set forth in the attached Gallancy Decl.
[2] http://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_INFORMATION?p_nameid=4365816&p_corpid=4366415&p_entity_name=%62%69%74%76%65%73%74%6D%65%6E%74&p_name_type=%41&p_search_type=%42%45%47%49%4E%53&p_srch_results_page=0

BITVESTMENT PARTNERS LLC'S OBJECTION TO DEBTOR'S
MOTION TO REJECT EXECUTORY CONTRACTS - 2
128054.0001/5887210.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

Case 13-19746-KAO    Doc 45    Filed 11/29/13    Ent. 11/29/13 14:22:19    Pg. 2 of 6

any and all Bitcoins mined by Debtor following execution of the Amended Agreement until it reached the 7,984.006735 Bitcoins contracted for in the Amended Agreement.

Debtor and CoinLab breached the Amended Agreement by failing to deliver to Bitvestment the Bitcoins mined subsequent to the execution of the Amended Agreement. Gallancy Decl., ¶30-32. Debtor also breached the Amended Agreement by impairing Bitvestment's contractual audit rights when Debtor changed the address at which Bitcoins were being mined and failed to disclose that address to Bitvestment. Gallancy Decl., ¶29.

C. New York District Court Case

On October 29, 2013, Bitvestment filed a lawsuit in the United States District Court for the Southern District of New York against the Debtor, CoinLab, Peter Vessenes (Debtor's managing director and the Declarant under the Motion) seeking, among other things, specific performance for defendants to mine and deliver 7,984.006735 Bitcoins to Bitvestment. Vessenes Decl., ¶14. On November 5, 2013, the District Court stayed the action as against the Debtor as a result of the filing of this Chapter 11 bankruptcy case, and entered a Temporary Restraining Order to compel CoinLab to begin mining and delivery of the contracted-for Bitcoins to Bitvestment pursuant to the terms of the Amended Agreement. Reyhani Dec., ¶2. The TRO also confirmed that Bitvestment is first in line to receive any mined Bitcoins other than those utilized by CoinLab for ordinary course business expenditures. *Id.* CoinLab failed to deliver any Bitcoins in accordance with the District Court's order. On November 21, 2013, the District Court issued and orally read into the record a second TRO ordering that CoinLab hold and retain 7,984.006735 Bitcoins. *Id. at* ¶3.

D. The Debtor's Motion to Reject the Agreement

Debtor filed this Chapter 11 case on November 1, 2013 (the "Petition Date") and promptly filed this Motion to Reject Executory Contracts on November 15, 2013. In its Motion, the Debtor claims that it should be allowed to reject the Amended Agreement

BITVESTMENT PARTNERS LLC'S OBJECTION TO DEBTOR'S MOTION TO REJECT EXECUTORY CONTRACTS - 3
128054.0001/5887210.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Case 13-19746-KAO    Doc 45    Filed 11/29/13    Ent. 11/29/13 14:22:19    Pg. 3 of 6

pursuant to 11 U.S.C. §365 because it is an "executory contract" within the meaning of 11 U.S.C. §365.

## II. ARGUMENT

Pursuant to 11 U.S.C. §365(a), a debtor may reject any executory contract subject to the court's approval. Before deciding whether the Debtor may invoke 11 U.S.C. §365 to reject an executory contract, the Court must first determine whether the Amended Agreement is an executory contract within the meaning of 11 U.S.C. §365 as of the Petition Date.

While § 365 does not define the term "executory contract," Ninth Circuit courts have employed the following standard to determine whether a contract is executory in nature:

> [An executory contract is] one on which performance is due to some extent on both sides…. [I]n executory contracts the obligations of both parties are so far unperformed that the failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other.

*Marcus & Millichap Inc. v. Munple, Ltd (In re Munple),* 868 F.2d 1129, 1130 (9th Cir. 1989); *accord Griffel v. Murphy ( In re Wegner),* 839 F.2d 533, 536 (9th Cir.1988).

Thus, in evaluating the executory nature of the Amended Agreement in this case consistent with the Ninth Circuit standard, the Court must first evaluate the obligations of the parties to the Amended Agreement, then determine whether, as of the Petition Date, obligations remained to be performed by both parties such that either party's failure to perform its remaining obligations would give rise to a material breach and excuse performance by the other party. *In re Texscan Corp.*, 976 F.2d 1269, 1272 (9th Cir. 1992). If either party has "substantially performed" its side of the bargain, such that the party's failure to perform further would not excuse performance by the other party, then the contract is not executory. *Id.*

In this case, despite the novelty of the subject matter and the complexity of the process by which Bitcoins are mined, the Amended Agreement itself is quite simple and unambiguously establishes that it is not an executory contract and was not one as of the

BITVESTMENT PARTNERS LLC'S OBJECTION TO DEBTOR'S
MOTION TO REJECT EXECUTORY CONTRACTS - 4
128054.0001/5887210.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Case 13-19746-KAO    Doc 45    Filed 11/29/13    Ent. 11/29/13 14:22:19    Pg. 4 of 6

Petition Date.  The obligations of the parties are set forth in Sections 2 and 3 of the Agreement, and provide as follows:

> **2. Services.**  [Debtor and CoinLab] will use best efforts to mine 7,984.006735 Bitcoins on [Bitvestment's] behalf, which, for the avoidance of doubt, will mean that [Debtor and CoinLab] shall dedicate 100% of its mining output (other than mining output that is required to satisfy [Debtor and CoinLab's] obligations to Crystal Island and mining output that is required to meet [Debtor and CoinLab's] appropriate mining operating expenses and capital expenditures subject (sic) as approved by all parties)[3] from the date of this Agreement to producing Bitcoin for [Bitvestment] until such time as [Bitvestment] receives 7,984.006735 Bitcoins from [Debtor and CoinLab] pursuant to this Agreement.  On a weekly basis, [Debtor and CoinLab] will promptly deliver to [Bitvestment] the Bitcoins ordered as they are mined by [Debtor and CoinLab].  [Debtor and CoinLab] will deliver to [Bitvestment] a weekly account of Mined Bitcoins compared with Bitcoins delivered to [Bitvestment].  [Debtor and CoinLab] will deliver to [Bitvestment] Mined Bitcoins via the [Debtor and CoinLab] Storage or other methods of deliver requested by Customer.  [Bitvestment] may retain Mined Bitcoins in the [Debtor and CoinLab] Storage through the Wind Down Period.  [Bitvestment] may perform one or more audits, at [Debtor and CoinLab's] expense, of [Debtor and CoinLab's] Bitcoin output to confirm that [Bitvestment] is receiving the mining output as agreed in section 2.
>
> **3. Fees.**  In exchange for performing Services, [Bitvestment] has paid [Debtor and CoinLab] a total of $75,000.00 USD ("Fees").  Each Party will bear its own taxes as levied under applicable law.

There are two key performances here – on Bitvestment's part to pay $75,000 and on Debtor's part to mine Bitcoins and transfer 100 percent of such output to Bitvestment subsequent to the date of the Amended Agreement.  Bitvestment has fully performed the only obligation it had under the Amended Agreement by payment of $75,000 to Debtor.[4]  Bitvestment has nothing further to perform on its side of the bargain.  Debtor is the only party to the Amended Agreement with an ongoing obligation, namely to mine and deliver to Bitvestment the Bitcoins for which Bitvestment paid.

---

[3] At the time, it was contemplated that Crystal Island would infuse capital into CoinLab and Alydian, and that Bitvestment's position would be subordinate to Crystal Island.  Ultimately, Debtor and CoinLab rejected the capital from Crystal Island.  Thus, the references to Crystal Island in the Amended Agreement are moot and of no consequence and Bitvestment's first-in-line position remains unsubordinated.

[4] Bitvestment provided additional consideration including, but not limited to, due diligence services at the request of CoinLab and Debtor, but such additional consideration is not relevant for the Court's analysis in evaluating that Bitvestment fully performed its only obligation under the Amended Agreement.

BITVESTMENT PARTNERS LLC'S OBJECTION TO DEBTOR'S MOTION TO REJECT EXECUTORY CONTRACTS - 5
128054.0001/5887210.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

Case 13-19746-KAO    Doc 45    Filed 11/29/13    Ent. 11/29/13 14:22:19    Pg. 5 of 6

The Debtor's Motion is devoid of any facts, or even a reference to the applicable language in the Amended Agreement that would support its requested relief. Debtor simply makes a bald and conclusory statement that the Amended Agreement is an executory contract under 11 U.S.C. §365 and that it is "one on which performance is due to some extent on both sides." The omission of any facts or citation to the Amended Agreement cannot be happenstance because there is no provision in the Amended Agreement that imposes any additional performance obligation upon Bitvestment that would render the Amended Agreement an "executory contract" under 11 U.S.C. §365.

Because Bitvestment had fully performed its obligation under the Amended Agreement as of the Petition Date, the Amended Agreement cannot be an executory contract eligible for rejection under 11 U.S.C. §365(a). Thus, Bitvestment respectfully submits that the Court should deny Debtor's Motion to Reject the Amended Agreement with Bitvestment.

DATED this 29th day of November, 2013.

> LANE POWELL PC
> Lane Powell PC
> 1420 Fifth Avenue, Suite 4100
> Seattle, WA 98101-2338
> Telephone: (206) 223-7082
> Facsimile: (206) 223-7107
> E-mail: simonyant@lanepowell.com
>
> By /s/ Tereza Simonyan
>    Tereza Simonyan, WSBA No. 41741
>    Attorney for Bitvesment Partners LLC,
>    f/k/a Dalsa Barbour LLC
>
> REYHANI NEMIROVSKY LLP
> 200 Park Ave., 17th Fl.
> New York, NY 10166
> Telephone: (212) 897-4022
> Facsimile: (212) 897-4031
> E-mail: bryan@rnlawfirm.com
>
> By /s/ Bryan I. Reyhani
>    Bryan I. Reyhani, NY No. 3006079
>    Attorneys for Bitvesment Partners LLC,
>    f/k/a Dalsa Barbour LLC

BITVESTMENT PARTNERS LLC'S OBJECTION TO DEBTOR'S MOTION TO REJECT EXECUTORY CONTRACTS - 6
128054.0001/5887210.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Case 13-19746-KAO    Doc 45    Filed 11/29/13    Ent. 11/29/13 14:22:19    Pg. 6 of 6