The Honorable Karen A. Overstreet
Chapter: 11
Hearing Date: December 6, 2013
Hearing Time: 9:30 a.m.
Response Date: November 29, 2013

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re:<br><br>CLI HOLDINGS, INC. dba ALYDIAN,<br><br>                              Debtor. | Case No. 13-19746-KAO<br><br>DEBTOR'S REPLY ON MOTION TO REJECT EXECUTORY CONTRACTS |

CLI Holdings, Inc. dba Alydian ("Alydian"), Debtor-In-Possession in the above-captioned Chapter 11 case ("Debtor" or "Alydian") by and through its counsel of record, Deirdre Glynn Levin and Keller Rohrback, LLP, files this reply.

Alydian asks the court to consider the Supplemental Declaration of Peter Vessenes, filed December 3, 2013 and exhibit A thereto (Dkt 49). Exhibit A is attached for the Court's consideration, and is proper because Bitvestment Partners LLC ("Bitvestment") specifically requested that this court consider the Motion for Temporary Restraining Order proceeding in *Bitvestment Partners, LLC v. CLI Holdings, Inc., CoinLab Inc. et al*, U.S. District Court S.D.N.Y. Case 13-civ-7632(RWS) (the "New York Action"). *See* Declaration of Bryan Reyhani (Dkt 47). The November 20 and 21, 2013 transcript of that proceeding first became available on December 2, 2013. Supp. Decl. Vessenes, ¶ 6.

DEBTOR'S REPLY ON MOTION TO REJECT EXECUTORY CONTRACTS
(13-19746-KAO) Page - 1
F:\AlydianReply.120313.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 50    Filed 12/03/13    Ent. 12/03/13 23:27:54    Pg. 1 of 6

## I. INTRODUCTION

Christopher Koss, Robert F. Seidensticker III, Brian Cartmell, Barry Silbert, Joel Yarmon, Sunshine Network Limited, the Timothy Draper Living Trust, Jon Chin, and Peter Vessenes (the "Non-Objecting Customers") were each served with Alydian's Motion to Reject Executory Contracts, Declaration in Support, Amended Declaration, and Supplemental Declaration in support. None have objected.

Bitvestment (Dkt. 45) and Soule Investments, LLC (Dkt. 43) filed objections. This reply will primarily address Bitvestment's objection.

## II. ARGUMENT

**A. Bitvestment Lacks Standing to Object because it is Not a Party in Interest, and any Purported Assignment of the Bitcoin Services Agreement is Void.**

1. <u>Standing Under § 1109(b).</u> Under 11 U.S.C § 1109(b), any party in interest, including a creditor, may raise and appear and be heard on any issue in a case under Chapter 11. The Bankruptcy Code does not define the term "party in interest". It has been generally interpreted to include all entities whose pecuniary interests are directly affected by the bankruptcy case.

CoinLab, Inc. and CLI Holdings, Inc., defined jointly as "CoinLab", and Dalsa Barbour, LLC (the "Customer") entered into an Amended and Restated Bitcoin Services Agreement, attached as Exhibit F to Vessenes' Declaration filed November 15, 2013 (the "Agreement"). Bitvestment claims that it is *formerly known as* Dalsa Barbour LLC. *See* Bitvestment Objection at 2:8. Bitvestment has submitted no evidence of a corporate name change. It has submitted no proof of its incorporation as a limited liability company. Instead, in its Objection, it merely directs the Court to the website for the Secretary of State for the State of New York. *See*

DEBTOR'S REPLY ON MOTION TO REJECT EXECUTORY CONTRACTS
(13-19746-KAO) Page - 2
F:\ALYDIANREPLY.120313.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 50    Filed 12/03/13    Ent. 12/03/13 23:27:54    Pg. 2 of 6

Bitvestment Objection at 2, n. 2. This is inadmissible evidence. There is no admissible evidence in the record as to where or when Bitvestment was formed.

2. <u>An Unauthorized Assignment of the Agreement is Void</u>. In the Declaration of Daniel Gallancy (Dkt. 46), filed in support of the New York Action, Mr. Gallancy testifies that Dalsa Barbour, LLC assigned its rights under the Agreement to Bitvestment. Gallancy Dec. ¶ 11-13.[1]

The plain language of the Agreement expressly prohibits the power to assign without prior written approval: "This Agreement may not be assigned by either party without the prior written approval of the other party." Debtor denies consenting to an assignment of the Agreement from Dalsa Barbour, LLC to Bitvestment. Supp. Decl. Vessenes. ¶ 3. In fact, there is no evidence of *any* assignment of Dalsa Barbour LLC's rights to Bitvestment. Under the express terms of the Agreement, a non-permitted assignment is void. *See* Agreement, section 11(a).

<u>Conclusion</u>

Bitvestment is not a creditor, and has no financial interest in the outcome of the case to participate in the case in order to protect that interest. The fact is that an unknown entity appeared in this case, asserted rights under the Agreement, and objected to Debtor's ability to exercise its right to reject its executory contract with another party. This serves to underscore the purpose of an anti-assignment clause - to protect parties in selecting the persons with whom they choose to contract. Alydian is entitled to assert that protection now. Bitvestment is not a party in interest under 11 U.S.C § 1109(b), and lacks standing to object. Under the terms of the Agreement, any purported assignment to Bitvestment is void. Its objection should be stricken.

---

[1] To be clear, CoinLab did agree to the assignment of the contractual rights from Mr. Gallancy, individually, to Dalsa Barbour LLC. Gallancy Dec., Exhibit G.

DEBTOR'S REPLY ON MOTION TO REJECT EXECUTORY CONTRACTS
(13-19746-KAO) Page - 3
F:\ALYDIANREPLY.120313.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 50    Filed 12/03/13    Ent. 12/03/13 23:27:54    Pg. 3 of 6

**B. Merits**

1. <u>Continuing Performance is Required by the Customer</u>. Addressing the merits of Bitvestment's objection, Bitvestment wrongly argues that, having paid fees of $75,000 under section 3 of the Agreement, the Customer has further no obligations to perform under the Agreement. However, substantial further performance is required by the Customer under sections 2, 4, 5, and 7 of the Agreement. Each section will be examined in turn:

<u>Section 2</u>. Section 2 contains three provisions which are relevant to the executory contract analysis. First, it expressly requires "all parties" to the Agreement to approve "CoinLab's appropriate mining operating expenses and capital expenditures". Mr. Gallancy's testimony in the New York Action directly relates to this issue. He testified that all parties, including the Customer, have a continuing right to approve CoinLab's capital and operational expenditures in mining bitcoin:

> Q. And you believed you had a veto right for any capital and operational expenses. Correct?
> A. I have a veto right for any capital and operational expenditures which I did not intend to use unless the defendant made it such that I had to.
> Q. And you did use it. Correct?
> A. I attempted to use it.
> . . .
> Q And you would acknowledge that the veto right for capital and operational expenditures was also a right that all parties had. Right?
> A. Yes.

Supp. Decl. Vessenes, Ex. A at 15:5-17.

He later continued:

> Q. And is it your position that you can direct Coinlab to engage in a bitcoin mining enterprise where costs exceed the revenue?
> A. It is my position that Coinlab is obligated to mine 7,984-odd bitcoins.
> Q. Right, less approved operational and capital expenditures.
> A. If approved by both parties, indeed so. If approved by both parties.

DEBTOR'S REPLY ON MOTION TO REJECT EXECUTORY CONTRACTS
(13-19746-KAO) Page - 4
F:\ALYDIANREPLY.120313.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 50    Filed 12/03/13    Ent. 12/03/13 23:27:54    Pg. 4 of 6

Supp. Decl.Vessenes, Ex. A at 174:1-10.

Second, the Customer has the express right to "perform one or more audits at CoinLab's expense, of CoinLab's Bitcoin output to confirm that Customer is receiving the mining output as agreed in Section 2". The fact that the Customer can direct audits to be performed, for which the Debtor is required to pay, further emphasizes the Debtor's need to reject this Agreement because of the associated costs of audits. Third, the Customer retains the right to retain its mined bitcoins in the CoinLab Storage through the Wind Down Period.[2]

Section 4. Under section 4, the "Customer may **suspend its performance** or terminate this Agreement" (emphasis added) under certain circumstances, including if CoinLab becomes insolvent, which includes filing for bankruptcy protection. *See* Agreement, section 4.b. This provision explicitly uses the "performance" language, which supports the finding that the Customer has continuing obligations. Any other interpretation would render this provision moot.

Section 5. Under section 5, the Customer is required to take steps to "collect all of its Mined Bitcoins from CoinLab's storage by the end of the Wind Down Period".

Section 7. Finally, under section 7, the Customer must continue to perform on two express warranties. First, the Customer warrants to not "exchange Bitcoins for any illegal material, illegal services, or contraband under any applicable laws". Second, the Customer expressly "warrants that it will be responsible for government approvals and taxes with regard to the exchange of Bitcoins". In addition to the two warranties, the Customer has a continuing obligation to "indemnify, defend and hold CoinLab harmless from any litigation arising from

---

[2] Under section 1(g), the "Term" of the Agreement is tied to CoinLab's performance, and is loosely defined as the time period necessary for CoinLab to deliver all the mined Bitcoins to the Customer. The "Wind Down Period" is 12 months after the Term of the Agreement. Section 1(h).

DEBTOR'S REPLY ON MOTION TO REJECT EXECUTORY CONTRACTS
(13-19746-KAO) Page - 5
F:\ALYDIANREPLY.120313.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 50    Filed 12/03/13    Ent. 12/03/13 23:27:54    Pg. 5 of 6

Customer's breach of the Section." *Id*. The indemnity obligation *expressly* survives termination or expiration of the Agreement.

Summary. The Agreement remains substantially unperformed by the Customer. The Customer has continuing performance obligations under at least four sections of the Agreement. It is an executory agreement under any definition.

2. No Objection to Debtor's Exercise of Business Judgment. Bitvestment has neither challenged the Debtor's business judgment to reject the Agreement, nor has it challenged Debtor's contention that rejection is in the best interests of the unsecured creditors of the estate.

### III. CONCLUSION

Respectfully, Bitvestment is not a party in interest in this case and lacks standing to object under 11 U.S.C. § 1109. The Court should find that the Agreement is an executory contract, within the meaning of 11 U.S.C. § 365(a), was executory on the petition date, and is subject to rejection. The Court should further find that the Debtor may, in the exercise of its sound business judgment, reject the Agreement.

WHEREFORE, the Debtor respectfully requests that the court strike or overrule Bitvestment's objection, and enter an order granting the relief requested herein and such other and further relief as is just.

DATED this 3rd day of December 2013.

KELLER ROHRBACK L.L.P.

By: */s/Deirdre Glynn Levin*
Deirdre P. Glynn Levin, WSBA #24226
Attorneys for Debtor

DEBTOR'S REPLY ON MOTION TO REJECT EXECUTORY CONTRACTS
(13-19746-KAO) Page - 6
F:\ALYDIANREPLY.120313.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 50    Filed 12/03/13    Ent. 12/03/13 23:27:54    Pg. 6 of 6