| | |
|---|---|
| Charles R. Ekberg | The Honorable Karen A. Overstreet |
| Tereza Simonyan | Chapter 11 |

Lane Powell PC
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338
(206) 223-7000
(206) 223-7107 Facsimile
Attorneys for Bitvestment Partners
 LLC f/k/a Dalsa Barbour LLC

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re )
)
CLI HOLDINGS, INC. dba ALYDIAN, ) CASE NO. 13-19746-KAO
)
Debtor. ) MOTION TO RECONSIDER *EX PARTE*
) ORDER GRANTING MOTION FOR
) RULE 2004 EXAM OF BITVESTMENT
) PARTNERS, LLC AND FOR
) PRODUCTION OF DOCUMENTS

On December 18, 2013, the Debtor filed an ex parte motion ("Rule 2004 Motion") seeking an order requiring Bitvestment Partners, LLC f/k/a Dalsa Barbour LLC ("Bitvestment") to produce certain documents described on Exhibit A to the Rule 2004 Motion and to designate a representative to be examined under oath as to its claim against Debtor's estate to take Place on January 14, 2014 at the Law Offices of Keller Rohrback L.L.P. in Seattle. On December 19, 2013, the Court entered an order (the "Order") granting the Debtor's Rule 2004 Motion. Bitvestment respectfully requests that the Court reconsider the Order because the Rule 2004 Motion is procedurally and substantively improper, unnecessary, burdensome to Bitvestment and filed for the purpose of harassment of a creditor of the estate.

The Debtor has failed to establish good cause for the examination. While the Rule 2004 Motion asserts that the subject of the examination is Bitvestment's claim against the

MOTION TO RECONSIDER *EX PARTE* ORDER GRANTING MOTION
FOR RULE 2004 EXAM OF BITVESTMENT PARTNERS, LLC AND
FOR PRODUCTION OF DOCUMENTS - 1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

128054.0001/5902956.1

estate, Bitvestment has not yet filed a proof of claim and the bar date for doing so does not expire until December 31, 2013. Without having seen Bitvestment's proof of claim and the supporting documentation, the Debtor has no way of determining whether there will be a further need for a Rule 2004 examination and cannot establish good cause for the relief requested in the Rule 2004 Motion. Bitvestment submits that any proof of claim it files will be supported by the appropriate documentation as required pursuant to Fed. R. Bankr. P. 3001 and the Official Form B10, which should satisfy the Debtor's inquiries. Moreover, in the spirit of cooperation, Bitvestment has volunteered to provide the Debtor with information should the Debtor have outstanding questions or requests following the filing of Bitvestment's proof of claim. It is obvious that the examination requested by the Debtor is unnecessary and improper, and is clearly nothing more than a harassment tactic by a frustrated Debtor who itself has actively thwarted all disclosure requests in violation of Court orders[1] and requests from the US Trustee. It is axiomatic that a Rule 2004 examination cannot be used to harass or abuse other parties, or to inquire into irrelevant matters. *See e.g. In re Lufkin*, 255 B.R. 204, 209 (Bankr. E.D. Tenn., 2000).

Further, exhibit "A" to the Rule 2004 Motion requests production of documents that have no relation to Bitvestment's proof of claim and absolutely no bearing on the instant bankruptcy case as required under Fed. R. Bankr. P. 2004(b). For example, the Debtor requests information about Bitvestment's corporate structure, name, bylaws and corporate minutes, and provides no insight as to why such information could be relevant to the administration of the case or the Court's assessment of Bitvestment's claim. Bitvestment is a party to an agreement with the Debtor pursuant to which the Debtor owes an obligation to Bitvestment. The Debtor has itself acknowledged[2] and this Court has entered an order[3] acknowledging that Bitvestment is the party in interest pursuant to said agreement. There is

---

[1] Docket No. 56.
[2] Docket No 1 (List of 20 Largest Unsecured Creditors and Mailing Matrix).
[3] Docket No. 54.

MOTION TO RECONSIDER *EX PARTE* ORDER GRANTING MOTION
FOR RULE 2004 EXAM OF BITVESTMENT PARTNERS, LLC AND
FOR PRODUCTION OF DOCUMENTS - 2

128054.0001/5902956.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Case 13-19746-KAO    Doc 62    Filed 12/19/13    Ent. 12/19/13 16:42:44    Pg. 2 of 5

no pending contested matter or adversary proceeding raising any issue which necessitate production of any of the documents listed on Exhibit A to the Rule 2004 Motion. The Debtor has not, and cannot, establish that the production of the records listed on Exhibit A may be pertinent and potentially admissible on the question of the validity and the amount of Bitvestment's claim. It is the Debtor and not Bitvestment that has defaulted on its obligations to the creditors and sought Chapter 11 bankruptcy protection. As such, it is the Debtor's and not Bitvestment's operations and conduct that are of consequence and discoverable in this case.

In addition, the Rule 2004 Motion imposes undue hardship and expense upon Bitvestment by requiring its designated representative to attend an examination in the offices of the Debtor's attorney in Seattle. Fed. R. Bankr. P. 9016(c) provides:

> (1) *Avoiding Undue Burden or Expense; Sanctions*. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earning and reasonable attorneys' fees – on a party or attorney who fails to comply.

Bitvestment's only representative, Mr. Gallancy, is a New York resident who currently resides and conducts business in New York, and has no ties to Seattle or this district. Requiring Mr. Gallancy to appear for a Rule 2004 examination at the offices of the Debtor's attorney in Seattle imposes undue burden on Mr. Gallancy as it is overly disruptive and costly. While Bitvestment maintains that the Debtor has failed to establish cause for the examination, to the extent the Court finds such examination appropriate, it should take place in New York, the state of Mr. Gallancy's residence.

Finally, the Debtor's Rule 2004 Motion is procedurally inadequate and the Order granting it cannot operate to require Bitvestment to attend a deposition and produce records at the time and place specified in the Rule 2004 Motion. Fed. R. Bankr. P. 2004(c) provides that attendance at an examination and production of documents may be compelled "as

MOTION TO RECONSIDER *EX PARTE* ORDER GRANTING MOTION
FOR RULE 2004 EXAM OF BITVESTMENT PARTNERS, LLC AND
FOR PRODUCTION OF DOCUMENTS - 3

128054.0001/5902956.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Case 13-19746-KAO    Doc 62    Filed 12/19/13    Ent. 12/19/13 16:42:44    Pg. 3 of 5

provided in Rule 9016." Here, the Debtor's Rule 2004 Motion (and the attached proposed order) set forth a specific date, time and place for production of documents and attendance at an examination by Bitvestment. An order granting a motion for a Rule 2004 examination does not replace a subpoena issued pursuant to Fed. R. Bankr. P. 9016, and cannot alone operate to compel production of documents and attendance at an examination.

For the foregoing reasons, Bitvestment respectfully requests that Court reconsider the Order, deny the Debtor's Rule 2004 Motion, impose an appropriate sanction on the Debtor for failure to comply with Fed. R. Bankr. P. 9016(c)(1), and enter any other relief it finds just and equitable.

DATED this 19th day of December, 2013.

LANE POWELL PC
Lane Powell PC
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338
Telephone: (206) 223-7082
Facsimile: (206) 223-7107
E-mail: simonyant@lanepowell.com


By /s/ *Tereza Simonyan*
Charles R. Ekberg, WSBA No. 342
Tereza Simonyan, WSBA No. 41741
Attorney for Bitvestment Partners LLC,
f/k/a Dalsa Barbour LLC, Party in Interest

REYHANI NEMIROVSKY LLP
200 Park Ave., 17th Fl.
New York, NY 10166
Telephone: (12)897-4022
E-mail: bryan@rnlawfirm.com


By /s/ *Bryan Reyhani*
Bryan Reyhani, B.R. - 9147
Attorneys for Bitvestment Partners LLC,
f/k/a Dalsa Barbour LLC, Party in Interest

MOTION TO RECONSIDER *EX PARTE* ORDER GRANTING MOTION
FOR RULE 2004 EXAM OF BITVESTMENT PARTNERS, LLC AND
FOR PRODUCTION OF DOCUMENTS - 4

128054.0001/5902956.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Case 13-19746-KAO    Doc 62    Filed 12/19/13    Ent. 12/19/13 16:42:44    Pg. 4 of 5

# CERTIFICATE OF SERVICE

On December 19, 2013, I caused the foregoing pleading to be electronically filed with the Clerk of the Court using the CM/ECF system, which caused Registered Participants to be served by electronic means as fully reflected on the Notice of Electronic Filing. I also caused a true and correct copy of the foregoing pleading to be served by regular mail, first-class postage prepaid to the following non-ECF registered parties:

N/A

I hereby certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

LANE POWELL PC

*/s/ Teresa M. Stephenson*
Teresa M. Stephenson, Paralegal

MOTION TO RECONSIDER *EX PARTE* ORDER GRANTING MOTION
FOR RULE 2004 EXAM OF BITVESTMENT PARTNERS, LLC AND
FOR PRODUCTION OF DOCUMENTS - 5

128054.0001/5902956.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Case 13-19746-KAO    Doc 62    Filed 12/19/13    Ent. 12/19/13 16:42:44    Pg. 5 of 5