Hon. Karen A. Overstreet
HEARING ON BIDDING
PROCEDURES ORDER:
HEARING DATE: TBD
HEARING TIME: TBD
RESPONSE DUE: TBD

HEARING ON SALE OF ASSETS:
HEARING DATE: TBD
HEARING TIME: TBD

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| CLI HOLDINGS, INC. dba ALYDIAN, | ) | No. 13-19746 |
| | ) | |
| Debtor. | ) | MOTION FOR ORDER APPROVING NOTICE OF SALE, BIDDING PROCEDURES ORDER, AND SETTING HEARING ON SALE OF ASSETS AND GRANTING OTHER RELIEF |

CLI Holdings, Inc. dba Alydian ("Alydian" or "Debtor"), Debtor-In-Possession in the above-captioned Chapter 11 case, by and through its counsel of record, Deirdre Glynn Levin and Keller Rohrback, LLP, seeks an order approving bidding procedures for a sale under 11 U.S.C. § 363 et seq. and BR 9013, and setting a hearing on sale of assets. In support of this motion, the court is asked to consider the Declaration of Peter Vessenes ("Vessenes Declaration") and exhibit thereto, the Declaration of Hans Olsen ("Olsen Declaration") and the records and files in this case.

### I. JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

MOTION FOR ORDER FOR APPROVING NOTICE OF SALE, BIDDING PROCEDURES ORDER AND SETTING HEARING ON SALE OF ASSETS OTHER RELIEF 1
N:\Clients\29744\1\Pleadings\363.Sale\Bidding proceduresMOTION.FINAL.doc

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 67    Filed 12/23/13    Ent. 12/23/13 17:55:12    Pg. 1 of 9

## II. RELIEF SOUGHT

Alydian seeks that the court enter an order, pursuant to 11 U.S.C. § 363 and B.R. 9013, to (i) approve proposed bidding procedures; (ii) approve the form of the sale; and (iii) set a hearing to approve a sale. Alydian seeks entry of an order substantially in the form attached hereto as Exhibit "A".

## III. FACTS

### A. Background and Events Leading to Alydian's Chapter 11 Filing

1. <u>Bankruptcy Petition.</u> On November 1, 2013 (the "Petition Date"), Alydian filed a voluntary Chapter 11 case. Information regarding Alydian's business and the circumstances leading to the commencement of this chapter 11 case are set forth in the Vessenes Declaration. Alydian has continued to operate its business as debtor in possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or creditors' committee has been appointed.

2. <u>Operations Agreement</u>. CoinLab, Inc. ("CoinLab"), a Delaware corporation which owns 65% of the common stock of Alydian, has served as a Bitcoin business incubator, meaning it aims to create and foster high value businesses which can participate in the Bitcoin ecosystem. Pursuant to the terms of an Operations Agreement, CoinLab has invoiced Alydian and Alydian reimburses CoinLab for its work and work product. Vessenes Declaration, Exhibit A. CoinLab charges Alydian for its invoiced direct costs, plus an administrative fee of ten percent subject to a maximum of $5000 per invoice. *Id*. See also Alydian's Statement of Financial Affairs, No. 3b, reflecting invoices Alydian paid during the 90-day period prepetition. CoinLab has a general unsecured claim of in this case. *See* Alydian's Schedule F, filed November 15, 2013.

3. <u>Bitcoin Services Agreements</u>. Between December 2012 and August 2013, Alydian entered into Bitcoin Services Agreements with several customers: Christopher Koss, Robert F.

MOTION FOR ORDER FOR APPROVING NOTICE OF SALE, BIDDING PROCEDURES ORDER AND SETTING HEARING ON SALE OF ASSETS OTHER RELIEF 2
N:\CLIENTS\29744\1\PLEADINGS\363.SALE\BIDDING PROCEDURESMOTION.FINAL.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 67    Filed 12/23/13    Ent. 12/23/13 17:55:12    Pg. 2 of 9

Seidensticker III, Brian Cartmell, Barry Silbert, Soule Investments LLC, Dalsa Barbour LLC,[1] Joel Yarmon, Sunshine Network Limited, the Timothy Draper Living Trust, Jon Chin, and Peter Vessenes (the "Customers"). The Bitcoin Service Agreements are in the record as exhibits to the Declaration of Peter Vessenes filed November 15, 2013, and supplemental declarations thereto.

Alydian analyzed its obligations to the Customers associated with each of the Bitcoin Services Agreements exhibited hereto, and its ability to perform. Alydian is unable to deliver the bitcoins under the Bitcoin Service Agreements with the Customers. The agreements with all the Customers, except Bitvestment Partners LLC fka Dalsa Barbour LLC ("Bitvestment") have been rejected as executory contracts pursuant. The Bitvestment contract is impracticable, as Alydian will never be able to generate the specified amount of Bitcoins.

**B. Description of Assets for Sale and Location of the Assets.** The assets for sale (the "Assets") consist of mining rigs (the "Rigs") and are comprised of 36 systems (the "Systems"). CoinLab sourced vendors which supply the infrastructure to allow Alydian to construct and implement the Systems. The speed of each of the Systems is measured in "terahashes" or "TH." *See* Olsen Declaration at ¶ 6. Each of the Systems generates an average of 5.9 TH. *Id.* Alydian has available for sale approximately 200 TH (34 Systems x 5.9 TH per system). *Id*.

The Rigs require large amount of power and cooling and are therefore not desirable to operate in a home or standard office environment. *Id.* The ability to own Rigs or to have capacity for the Rigs in a data center is therefore important to their operation. Currently, the Rigs are housed in three data centers. The Rigs are hosted pursuant to three leases: one lease is between CoinLab and Sabey Data Center Properties, LLC, and two leases are between CoinLab and Wowrack (the "Leases"). Olsen Declaration ¶¶ 8-9. Pursuant to the Leases, the primary

---

[1] An appearance in this case has been filed by Bitvestment Partners LLC fka Dalsa Barbour LLC.

MOTION FOR ORDER FOR APPROVING NOTICE OF SALE, BIDDING PROCEDURES ORDER AND SETTING HEARING ON SALE OF ASSETS OTHER RELIEF 3
N:\CLIENTS\29744\1\PLEADINGS\363.SALE\BIDDING PROCEDURESMOTION.FINAL.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 67    Filed 12/23/13    Ent. 12/23/13 17:55:12    Pg. 3 of 9

terms of each of the Leases, the locations of the data centers and the distribution of the Systems in each data center is follows:

1. A 12 month term hosting contract entered with Sabey Data Center Properties, LLC on August 29, 2013. Six systems or rigs have been installed at SABEY's Intergate Quincy LCC facility in Quincy WA. The cost for each rig is $6,200 for a total monthly charge of $37,200, plus an electricity usage fee charged at a rate of $.025/kW based on actual electricity consumed. *See* Olsen Declaration ¶ ¶ 10-12.

2. A month to month hosting contract entered with "Wow Technologies, Inc" (Wowrack) entered into on November 1, 2013. 18 rigs have been installed at Wowrack's Tukwila, WA facility. The cost for each rig is $5,675 for a total monthly charge of $102,150. *Id*.

3. A three month hosting contract ending on March 31, 2014 entered with "Wow Technologies, Inc" (Wowrack) on December 19, 2013. This contract covers ten rigs: two 2 rigs at Wowrack's facility in Tukwila, WA and 8 rigs Wowrack's facility in Seattle, WA. The cost for each rig is $5,900 for a total monthly charge of $59,000. *Id*.

### III. ARGUMENT

A. **Sale of the Assets Satisfies the Requirements of 11 U.S.C. §363(b) and (f)**

Under 11 U.S.C. § 363(b), a debtor is authorized to sell its assets outside of the ordinary course of business. A debtor must show that each of the following elements has been met: (i) a sound business reason exists for the proposed transaction; (ii) the sale has been proposed in good faith; (iii) the sale price is fair and reasonable; and (iv) accurate and reasonable notice has been provided of the transaction. Further, 11 U.S.C. § 363(f) provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

MOTION FOR ORDER FOR APPROVING NOTICE OF SALE, BIDDING PROCEDURES ORDER AND SETTING HEARING ON SALE OF ASSETS OTHER RELIEF 4
N:\CLIENTS\29744\1\PLEADINGS\363.SALE\BIDDING PROCEDURESMOTION.FINAL.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 67    Filed 12/23/13    Ent. 12/23/13 17:55:12    Pg. 4 of 9

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Alydian is unaware of any liens, claims, interests or encumbrances on the Assets. *See* Schedule D of its bankruptcy schedules. The claims bar date is December 31, 2013 so all claims have not yet been reviewed.

**B. Sale of the Assets is based on Alydian's Exercise of Sound Business Judgment**

Sale of the Assets is supported by ample "business justification" and are reasonable and appropriate under the circumstances of this Chapter 11 case. Alydian continued to operate since the Petition Date under the terms of the Operating Agreement. The purpose was to maximize the value to be returned to the Customers and other creditors. Bitcoin mining rigs are considered to be worth much more if they are actually operational, and so Alydian believes it has maximized the value of the estate by working to get the Rigs running and deployed. Due to the increase in the Bitcoin mining network speeds, and current mining rig prices, Alydian has determined that the Rigs are likely to be worth more sold to another party than run until they cease to generate positive cashflow. Unfortunately, Alydian has not generated a positive net cash flow since incorporation. The cost of deploying the Systems has exceeded the value of the Bitcoins mined. *See* Vessenes Declaration.

Alydian has concluded that sale of the Assets is the only viable way to maximize the value of its estate. A going-concern sale will preserve the substantial goodwill of Debtor's

MOTION FOR ORDER FOR APPROVING NOTICE OF SALE, BIDDING PROCEDURES ORDER AND SETTING HEARING ON SALE OF ASSETS OTHER RELIEF 5
N:\CLIENTS\29744\1\PLEADINGS\363.SALE\BIDDING PROCEDURESMOTION.FINAL.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 67    Filed 12/23/13    Ent. 12/23/13 17:55:12    Pg. 5 of 9

business, maintain valuable Systems and avoid a liquidation sale of the Assets at depressed values. *Id.*

## IV. PROPOSED TERMS OF BIDDING PROCEDURES AND QUALIFICATION

Alydian anticipates that the Assets Sale will be subject to competitive bidding. Alydian seeks authority to implement certain bidding procedures to ensure that the estate will obtain the best possible value for sale.

### A. Bidding Procedures.

A summary of the proposed material terms of bidding procedures for sale of the Assets (the "Bidding Procedures") is as follows:

The Assets will be sold in three blocks, one block per datacenter location.

Assets may be sold for a minimum bid of $2000.00 (Two Thousand Dollars) per TH, or the Bitcoin equivalent, and a bidder must provide a cash deposit by way of certified check or wire for 25% of the Purchase Price (the "Minimum Bid Requirement"). The Deposit will be held in escrow pending any adjustment of the purchase price and shall be applied to the purchase price at closing. Keller Rohrback, LLP will also make available Bitcoin addresses for escrow in Bitcoin. Sales will be all cash in U.S. dollars or the Bitcoin equivalent due at closing. Sales are on an "as is, where is" basis.

### B. Definition of Qualified Bid.

Alydian will consider any "Qualified Bid." Alydian proposes the following terms and procedures to govern the qualification for competing bids. To be a Qualified Bid, the Bid must (i) be in writing and identify the exact portion of the Assets to be purchased and their location; (ii) set forth the Purchase Price, in U.S. dollars or the Bitcoin equivalent; (iii) meet the Minimum Bid Requirement; (iv) be open and the offer irrevocable through the conclusion of the Sale

MOTION FOR ORDER FOR APPROVING NOTICE OF SALE, BIDDING PROCEDURES ORDER AND SETTING HEARING ON SALE OF ASSETS OTHER RELIEF 6
N:\CLIENTS\29744\1\PLEADINGS\363.SALE\BIDDING PROCEDURESMOTION.FINAL.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 67    Filed 12/23/13    Ent. 12/23/13 17:55:12    Pg. 6 of 9

Hearing, unless extended in writing by agreement of the parties, and (v) be received in writing not later than **12:00 p.m. noon (PST) on January 8, 2014** by Keller Rohrback, LLP, Counsel for the Debtor, via facsimile or email to dglynnlevin@kellerrohrback.com, and a copy to Peter@coinlab.com.

In addition, the Bidder must (i) identify the proponent of the Qualified Bid and an officer who is authorized to appear and act on behalf of the bidder; (ii) be prepared to execute a purchase and sale agreement, subject only to modification of the Purchase Price; (iii) show its financial ability to close and provide its financial information, such as financial statements and the prospective bidder's balance sheet, to enable Alydian to determine such bidder's creditworthiness and ability to close a sale of the Assets, provided that determination whether the Bidder has met this qualification shall be in Alydian's sole discretion.

In addition, where applicable, the Bidder must assume the hosting contract for the associated hosting location. Each location's hosting contracts vary in price, term and financial dynamics, and particulars of each of the Leases will be provided upon request to an interested party.

Subject to the receipt of Qualified Bid, Debtor may require a Qualified Bidder to execute an appropriate Non-Disclosure Agreement.

**C. Sale Hearing – Successful Bidder and Back-Up Bidder.**

Debtor proposes that it submit the highest and/or best offer (the "Successful Bid") as reasonably determined by Alydian (and such bidder, the "Successful Bidder") to the Bankruptcy Court for final approval at the Sale Hearing. Alydian will apply the Successful Bidder's Deposit to the Purchase Price to be paid at the closing of the Sale.

MOTION FOR ORDER FOR APPROVING NOTICE OF SALE, BIDDING PROCEDURES ORDER AND SETTING HEARING ON SALE OF ASSETS OTHER RELIEF 7
N:\Clients\29744\1\Pleadings\363.Sale\Bidding proceduresMOTION.FINAL.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 67    Filed 12/23/13    Ent. 12/23/13 17:55:12    Pg. 7 of 9

Following the court's approval of the sale to the Successful Bidder, if such sale fails to be consummated, then the next highest or best Qualified Bid as to which the bidder has agreed will stand as a back-up bid (the "Back-Up Bid" and, such bidder, the "Back-Up Bidder") will be deemed to be the Successful Bid. Alydian will be obligated to effectuate a Sale of the Assets to the Back-Up Bidder subject to the terms of the Back-Up Bid without further order of the Bankruptcy Court. The Back-Up Bidder's Deposit shall be applied by Alydian against the cash portion of the Purchase Price. The Back-Up Bid shall remain open for fourteen (14) calendar days following entry of the Sale Order. The Deposit of a Back-Up Bidder shall be retained by Alydian until 14 calendar days following entry of the Sale Order, and either returned to the Back-Up Bidder within five (5) business days thereafter or, if the Back-Up Bid becomes the Successful Bid, shall be applied to the Purchase Price to be paid by the Back-Up Bidder according to the terms of the Back-Up Bid.

Rejection of other Qualified Bids other than the Successful Bid and the Back-Up Bid shall be deemed rejected by Alydian on and as of the date of entry of the Sale Order by the Bankruptcy Court. Any party that submits a Deposit but otherwise fails to submit a Qualified Bid, or that submits a Deposit and is neither the Successful Bidder nor the Back-Up Bidder, shall receive a refund of such Deposit as soon as practicable after closing of the transaction with the Successful Bidder.

**D. Notice, Report of Sale, Sale Hearing and Sale Order**

Within one day following entry of the Bidding Procedures and Notice of Sale Order, Alydian will send a copy of the Bidding Procedures and Notice of Sale Order, by regular mail and give ECF notice to:

(i) the United States Trustee;

MOTION FOR ORDER FOR APPROVING NOTICE OF SALE, BIDDING PROCEDURES ORDER AND SETTING HEARING ON SALE OF ASSETS OTHER RELIEF 8
N:\Clients\29744\1\Pleadings\363.Sale\Bidding proceduresMOTION.FINAL.doc

LAW OFFICES OF
**Keller Rohrback l.l.p.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO    Doc 67    Filed 12/23/13    Ent. 12/23/13 17:55:12    Pg. 8 of 9

(ii) all parties who have filed with the Court a request for notice in this case;

(iii) all parties on the creditor mailing matrix; and

(iv) all persons or entities that have expressed to Debtor an interest in acquiring the Assets during the past three months or which Debtor reasonably believes may have an interest in bidding for the Assets.

Alydian shall be entitled to solicit offers for the Assets and may advertise or market sale of the Assets in any reasonable manner that it sees fit. The process is designed to facilitate a full and fair process designed to maximize the value of the Assets for the benefit of Debtor's estate.

After the sale, Debtor will file a Report of Sale and a form of proposed Sale Order via CM/ECF by 4:30 p.m. on the day after the bidding is closed.

Alydian seeks that the Assets Sale be subject to approval by the Court at a hearing under 11 U.S.C. §§ 363 and 365 (the "Sale Hearing") to consider entry of the Sale Order within seven days of the hearing on the sale procedures motion. Any objections will be due one day before the Sale Hearing.

## V. CONCLUSION

Based on the foregoing, Alydian respectfully requests that the Court enter the Bidding Procedures and Notice of Sale Order in substantially the form attached hereto as Exhibit "A".

DATED this 23rd day of December 2013.

Presented by:

KELLER ROHRBACK L.L.P.

By: */s/Deirdre Glynn Levin*
    Deirdre Glynn Levin, WSBA #24226
    Attorneys for Debtor CLI Holdings, Inc. dba Alydian

MOTION FOR ORDER FOR APPROVING NOTICE OF SALE, BIDDING PROCEDURES ORDER AND SETTING HEARING ON SALE OF ASSETS OTHER RELIEF 9
N:\Clients\29744\1\Pleadings\363.Sale\Bidding proceduresMOTION.FINAL.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 13-19746-KAO   Doc 67   Filed 12/23/13   Ent. 12/23/13 17:55:12   Pg. 9 of 9