Charles R. Ekberg                                    The Honorable Karen A. Overstreet
Tereza Simonyan                                      Chapter 11
Lane Powell PC                                       Hearing Date:  December 30, 2013
1420 Fifth Avenue, Suite 4100                        Response Date:  Date of Hearing
Seattle, WA 98101-2338                               *Shortened Time Requested*
(206) 223-7000
(206) 223-7107 Facsimile
Attorneys for Bitvestment Partners
 LLC f/k/a Dalsa Barbour LLC

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re                                          )
                                               )
CLI HOLDINGS, INC. dba ALYDIAN,                )       CASE NO. 13-19746-KAO
                                               )
                              Debtor.          )       MOTION TO COMPEL
                                               )
                                               )
                                               )

        COMES NOW Bitvestment Partners LLC fka Dalsa Barbour LLC ("Bitvestment")

and moves the Court, under Local Civil Rule 37(a)(1) and Fed. R. Civ. P. 37, applicable

herein under Fed. R. Bankr. P. 7037, for entry of an order compelling the Debtor to produce

the documents listed on Exhibit A to the Order granting Bitvestment's Motion for Rule 2004

Examination.  This Motion is supported by the Declaration of Tereza Simonyan ("Simonyan

Decl.") and the papers and pleadings filed in this case.

        **A.  Factual Background**

        This Chapter 11 case was filed on November 1, 2013 (the "Petition Date").  The

Debtor has continued to operate its Bitcoin mining business since the Petition Date as a

debtor in possession pursuant to 11 U.S.C. §§1107 and 1108.  The Debtor currently mines

approximately 100 Bitcoins per day and by December 2013 month's end, will have mined

approximately 4,000 Bitcoins (current U.S. Dollar value of approximately $3 million) just

MOTION TO COMPEL - 1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

128054.0001/5905089.1

Case 13-19746-KAO    Doc 74    Filed 12/26/13    Ent. 12/26/13 12:55:10    Pg. 1 of 8

1   since the Petition Date.

2          Bitvestment is a creditor of the estate whose claim arises from a Bitcoin presale

3   agreement (the "Agreement") with the Debtor and the Debtor's affiliates.  Under the terms of

4   the Agreement, the Debtor is required to use best efforts to mine Bitcoins and dedicate 100%

5   of its Bitcoin mining output to Bitvestment until Bitvestment receives 7,984 Bitcoins.  On

6   December 12, 2013, the Court denied the Debtor's motion to reject executory contracts

7   concerning the Bitvestment Agreement and ruled that the Agreement was not an executory

8   contract. (Dkt. #54).

9          **B.  Discovery Dispute**

10         The discovery dispute necessitating this Motion is based on the Debtor's failure to

11  disclose basic information pertaining to the assets of the Debtor's bankruptcy estate and the

12  transfers thereof, Debtor's operations and profitability, and the administration of the Debtor's

13  bankruptcy estate.  The information that the Debtor has refused to produce is not only basic

14  information that should have been disclosed at the outset of this case, but is also critical for

15  the evaluating the Debtor's Motion to Approve Sale Procedures ("Sale Motion") for the sale

16  of the Debtor's Bitcoin mining rigs, a hearing for which is scheduled to take place on

17  shortened time on January 10, 2014 per the Debtor's request.  (Dkt. ##66-67).  A chronology

18  of events is appropriate at this time to provide full context for this Motion to Compel.

19         -       The Debtor filed a Chapter 11 petition on November 1, 2013.  Debtor's

20  bankruptcy schedules are highly deficient in that they neither provide any information

21  regarding Debtor's Bitcoin ownership, nor the virtual Bitcoin addresses where Bitcoins are

22  stored.  (Dkt. #1).

23         -       The Debtor was notified by the US Trustee's attorney that the bankruptcy

24  schedules needed to be amended to include information about Bitcoins and Bitcoin

25  addresses.  Simonyan Decl., ¶4.  The Debtor did not amend its bankruptcy schedules prior to

26  the 341 meeting of creditors on December 3, 2013.

MOTION TO COMPEL - 2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

128054.0001/5905089.1

1 - The Debtor appeared at the 341 meeting of creditors unprepared to testify

2 regarding Bitcoin ownership and Bitcoin addresses. The US Trustee instructed the Debtor to

3 immediately provide this information following the 341 meeting of creditors and noted that

4 such information should available at the Debtor's "fingertips." Simonyan Decl., **Exhibit A**.

5 (341 transcript, page 43, at 6-7; page 46, at 1-5). Mr. Vessenes testified that he could easily

6 provide addresses for all the Bitcoins that the Debtor had "used to transact so far or mined

7 to." (341 transcript, page 43, at 4; page 44, at 2-6).

8 - The Debtor did not provide the requested information regarding Bitcoins and

9 Bitcoin addresses following the 341 meeting of creditors to the US Trustee's office or to

10 Bitvestment's counsel.

11 - On December 4, 2013, Bitvestment's counsel, Tereza Simonyan, sent an email

12 to Debtor's counsel, Deirdre Glynn Levin, requesting information regarding Bitcoin

13 addresses controlled by the Debtor. Simonyan Decl.; **Exhibit B**. Ms. Levin responded

14 denying Bitvestment's request and asserting that Bitvestment did not have standing in the

15 case. *Id.*; **Exhibit C**. Ms. Simonyan responded providing basis for Bitvestment's standing.

16 *Id.*; **Exhibit D**.

17 - On December 6, the Court entered an oral ruling confirming Bitvestment's

18 standing as a creditor and a party in interest in the Debtor's Chapter 11 case. On December

19 9, 2013, Ms. Simonyan sent an email to Ms. Levin requesting information regarding Bitcoin

20 addresses and transfers given the Court's ruling regarding standing. *Id.*; **Exhibit E**. Ms.

21 Levin ignored the December 9, 2013 email.

22 - On December 17, 2013, US Trustee's counsel informed Bitvestment that the

23 Debtor was instructed to amend its bankruptcy schedules to include information regarding

24 Bitcoin ownership and addresses. To date, Debtor has not amended its bankruptcy schedules.

25 Simonyan Decl., ¶8.

26 - On December 12, 2013, the Court entered an Order (the "Rule 2004 Order")

MOTION TO COMPEL - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

128054.0001/5905089.1

authorizing Rule 2004 examination of the Debtor and production of documents listed on Exhibit A to the Rule 2004 Order. (Dkt. #56). Pursuant to the Rule 2004 Order, Bitvestment issued and served a subpoena upon the Debtor requesting (1) production of the documents listed on Exhibit A to the Rule 2004 Order by December 23, 2013, and (2) appearance at a Rule 2004 examination of the Debtor's representative on January 3, 2014. *Id.*; **Exhibit F**.

- On December 16, 2013, Ms. Levin sent an email to Ms. Simonyan indicating that Mr. Vessenes was unavailable to attend the Rule 2004 examination on January 3, 2014, and that he would generally not be available for an examination until January 13, 2014. *Id*.; **Exhibit G**. Ms. Levin also indicated that the document production request was objectionable.

- In light of Mr. Vessenes's stated unavailability, Bitvestment agreed to re-note the examination and suggested January 6, 7 or 8, 2014, as alternative dates to accommodate Mr. Vessenes's schedule. *Id.*, **Exhibit H**. Ms. Levin objected to all of the alternative dates provided by Ms. Simonyan. Id., **Exhibit I**.

- On December 17, 2013, Ms. Simonyan provided further alternative dates for the examination, and suggested the Debtor choose any date between December 26, 2013 and January 3, 2014. *Id.*, **Exhibit J**. Ms. Simonyan's December 17, 2013 email also set forth the reasons why an examination prior to January 13, 2013 was necessary, which included the volatility of Bitcoin value and knowledge of unauthorized and unexplained transfers of Bitcoins worth millions of dollars among the Debtor and its insiders.

- Ms. Levin did not agree to any of the alternative dates provided by Bitvestment (*Id.*, **Exhibit K),** notwithstanding the various alternative dates and the explanations for the need for an examination by Ms. Simonyan. *Id.*, **Exhibit L**.

- On December 18, 2013, Ms. Simonyan sent an email to Ms. Levin indicating willingness to re-note the Rule 2004 exam to a later date if the Debtor submitted satisfactory responses to Bitvestment's document production request. *Id.*, **Exhibit M**. Ms. Levin again

MOTION TO COMPEL - 4

128054.0001/5905089.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

ignored Bitvestment's December 18, 2013 email.

- Debtor did not submit any of the documents requested by Bitvestment by the December 23, 2013 deadline set forth in Bitvestment's subpoena.

- At 5:51 pm on December 23, 2013, Debtor filed a motion to approve the sale of estate assets and a motion to shorten time the hearing for the motion to January 3, 2013. (Dkt. #66, 67). The Court granted Debtor's motion to shorten time and scheduled the hearing on the Sale Motion on January 10, 2014, with any responses due on January 8, 2014. (Dkt. #70).

- On December 24, 2013, Ms. Levin contacted Ms. Simonyan via email indicating that the Debtor intends to submit partial responses and will object to producing two thirds (2/3) of Bitvestment's Court-ordered Rule 2004 documents. Simonyan Decl., **Exhibit N**. Ms. Levin yet again ignored Ms. Simonyan's subsequent attempts to discuss and attempt to resolve the stated objections. *Id.*, **Exhibit O**.

- To date, the Debtor has not provided any of the documents requested by Bitvestment per the Rule 2004 Order, has failed to amend its deficient bankruptcy schedules or otherwise provide the omitted information to the office of the US Trustee or Bitvestment, and has not made itself available for a Rule 2004 Examination *until after* the scheduled hearing for the Sale Motion.

C. **Argument**

While the Debtor has scheduled its Chapter 11 case on a fast track toward conclusion through the sale of the Bitcoin mining rigs, it has actively thwarted all efforts of the US Trustee and Bitvestment to obtain information regarding the Debtor's assets, operations and administration of the estate, which constitute elemental Bankruptcy Code-mandated disclosures, and moreover, are critical for analyzing the adequacy of the relief requested in the Sale Motion and the accuracy of the statements in the Declarations filed in support of the Sale Motion.

MOTION TO COMPEL - 5

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107
128054.0001/5905089.1

For example, the Sale Motion is premised on the idea that the Debtor does not produce sufficient revenue by mining Bitcoins to service its creditors and the sale of the Bitcoin mining rigs on the terms set forth in the Sale Motion is in the best interest of the estate and the creditors. However, the Declaration of Peter Vessenes explaining the "sound business reason" for the proposed transaction is belied by his 341 testimony that the company mines 100 Bitcoins per day, thereby producing at minimum $65,000 of gross revenue per day, and $2 million per month. Simonyan Decl., Exhibit A. (341 transcript, page 15, at 3-5.) Considering the Debtor has identified average monthly operating expenses of only $600,000, production of documents requested by Bitvestment and an examination of Mr. Vessenes is necessary to shed light on the simple arithmetic suggesting that the Debtor is a profitable company, and the inexplicable advantage of the sale of the mining rigs versus continued operation of the Debtor at a significant profit. (Dkt. #39, Combined Schedules I and J.) Mr. Vessenes's testimony is similarly necessary to help decipher the incomprehensible and vague disclosures in the Debtor's November operating report. (Dkt. No. #58).

In addition, the Debtor has transferred millions of dollars' worth of Bitcoins from at least one of its known Bitcoin addresses into a newly-created Bitcoin address[1], which Bitcoins in turn have been transferred to still other newly-created addresses. Simonyan Decl. **Exhibit P**. The Debtor has neither sought Court authority nor offered any explanation for such unauthorized post-petition transfers. To the extent the Debtor has caused these transfers to benefit the estate, the Court and the creditors should be informed. Mr. Vessenes also testified that on October 29, 2013, the Debtor transferred 10,000 Bitcoins to its majority shareholder CoinLab Inc. ("Coinlab"). *Id.*, Exhibit A (341 transcript; pages 59-61). It appears that the Debtor has failed to identify such pre-petition transfer in its schedules as

---

[1] The following link to a Bitcoin blockchain, available through a public database that shows all transactions occurring within the Bitcoin network, shows transfers of 2,324 Bitcoins out of a Debtor-controlled address to a newly created address on December 13, 2013:
https://blockchain.info/address/18aQubkBvMV9GqBCy7nPjfpdN8uCZiFQrC?filter=1

MOTION TO COMPEL - 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

128054.0001/5905089.1

1  none of the transfers listed in SOFA #3 were made on October 29, 2013, and despite

2  numerous informal requests the Debtor has failed to provide information regarding such

3  transfer. These are only a few instances of undisclosed and unauthorized asset transfers that

4  Bitvestment has been able to identify, which attest to the need of further discovery regarding

5  Debtor's pre- and post-petition asset transfers prior to the Court's ruling on any dispositive

6  motion in this case.

7       Further, the Debtor's schedules disclose two outstanding purported loan obligations

8  owed to its equity owners – Coin Lab and XRay Holdings ("XRAY"). XRAY is listed as the

9  largest unsecured creditor of the estate with a claim of $3 million and stands to receive the

10  largest pro rata share of any revenue generated from the sale of estate assets. Despite

11  numerous informal requests, the Debtor has failed to provide any details regarding the

12  XRAY loan and has failed to provide the loan documents evidencing the loan. Without any

13  information regarding the nature of the largest claim by the Debtor's insider, the creditors are

14  unable to analyze any distribution to which they will be entitled on their claims against the

15  estate. Instead, the creditors are left to rely on the unsupported and conflicting assertions of

16  insider Peter Vessenes – the leader and only board member of both the Debtor and CoinLab

17  (the latter of which has received thousands of Bitcoins from Debtor both pre- and post-

18  petition) -- which the US Trustee's counsel has already stated, "strains credibility." (341

19  Transcript, page 51, at 2.)

20       Fundamental to the concept of entitlement to the status and protections of a Chapter

21  11 debtor in possession is the duty and obligation of full disclosure to the Court and the

22  creditors. Debtor's systematic refusal to provide information required by the US Trustee and

23  this Court's Rule 2004 Order reflects a fundamental disregard of that duty. Seeking the

24  extraordinary relief of a sale on shortened notice represents a further failure to respect the

25  duties of the debtor in possession to the Court when not accompanied with full disclosure

26  and, worse yet, supported by conflicting testimony.

MOTION TO COMPEL - 7

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

128054.0001/5905089.1

1    For the foregoing reasons, Bitvestment respectfully requests that Court grant

2  Bitvestment's Motion to Compel, and Order that the Debtor (1) submit the documents listed

3  on Exhibit A to the Rule 2004 Order within one day of entry of the Order and (2) to submit to

4  a Rule 2004 examination on January 3, 2014.

5        DATED this 26th day of December, 2013.

6                                          LANE POWELL PC
                                           Lane Powell PC
7                                          1420 Fifth Avenue, Suite 4100
                                           Seattle, WA  98101-2338
8                                          Telephone:  (206) 223-7082
                                           Facsimile:  (206) 223-7107
9                                          E-mail:  simonyant@lanepowell.com

10

11                                         By /s/ *Tereza Simonyan*
                                           Charles R. Ekberg, WSBA No. 342
12                                         Tereza Simonyan, WSBA No. 41741
                                           Attorney for Bitvesment Partners LLC,
13                                         f/k/a Dalsa Barbour LLC, Party in
                                           Interest
14
                                           REYHANI NEMIROVSKY LLP
15
                                           200 Park Ave., 17th Fl.
16                                         New York, NY 10166
                                           Telephone:  (12)897-4022
17                                         E-mail:  bryan@rnlawfirm.com

18

19                                         By /s/ *Bryan Reyhani*
                                           Bryan Reyhani, B.R. - 9147
20                                         Attorneys for Bitvesment Partners LLC,
                                           f/k/a Dalsa Barbour LLC, Party in
21                                         Interest

22

23

24

25

26

MOTION TO COMPEL - 8

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

128054.0001/5905089.1