Charles R. Ekberg
Tereza Simonyan
Lane Powell PC
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338
(206) 223-7000
(206) 223-7107 Facsimile
Attorneys for Bitvestment Partners
  LLC f/k/a Dalsa Barbour LLC

The Honorable Karen A. Overstreet
Chapter 11
Hearing Date: December 30, 2013
Response Date: Date of Hearing
*Shortened Time Requested*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re                                                    )
                                                         )
CLI HOLDINGS, INC. dba ALYDIAN,                          )      CASE NO. 13-19746-KAO
                                                         )
                                        Debtor.          )      DECLARATION OF TEREZA
                                                         )      SIMONYAN IN SUPPORT OF MOTION
                                                         )      TO COMPEL
                                                         )
_____)

Tereza Simonyan declares as follows:

1.      I am an attorney with the firm of Lane Powell PC, counsel for Bitvestment
Partners LLC fka Dalsa Barbour LLC, a creditor of the estate. I am competent to testify and
make the statements in this declaration based on my personal knowledge.

2.      I have, in good faith, made numerous efforts to confer with the Debtor's
counsel, Deirdre Glynn Levin, in an effort to obtain the requested discovery without Court
action.

3.      Attached as Exhibit A are true and correct copies of excerpts of the transcript
of the testimony of Peter Vessenes at the Debtor's 341 meeting of creditors.

4.      On December 1, 2013, I had a phone conversation with Thomas Buford,
attorney for the US Trustee assigned to the instant case. Mr. Buford informed me that during
the Initial Debtor Interview, the Debtor was notified that the bankruptcy schedules needed to
be amended to include information about Bitcoins and Bitcoin addresses.

DECLARATION OF TEREZA SIMONYAN IN
SUPPORT OF MOTION TO COMPEL - 1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1      5.     Attached as Exhibit B is a true and correct copy of an email I sent to Ms.

2 Levin on December 4, 2013.

3      6.     Attached as Exhibit C is true and correct copy of Ms. Levin's email dated

4 December 4, 2013.

5      7.     Attached as Exhibit D is a true and correct copy of an email I sent to Ms.

6 Levin on December 4, 2013.

7      8.     Attached as Exhibit E is a true and correct copy of an email I sent to Ms.

8 Levin on December 9, 2013.

9      9.     On December 17, 2013, I had a conversation with Thomas Buford, who

10 informed me that the Debtor was instructed to amend its bankruptcy schedules to include

11 information regarding Bitcoin ownership and addresses.

12      10.     Attached as Exhibit F is a true and correct copy of a subpoena issued and

13 served upon the Debtor by Bitvestment on December 13, 2013.

14      11.     Attached as Exhibit G is a true and correct copy of an email I received from

15 Ms. Levin dated December 16, 2013.

16      12.     Attached as Exhibit H is a true and correct copy of an email I sent to Ms.

17 Levin dated December 16, 2013.

18      13.     Attached as Exhibit I is a true and correct copy of an email I received from

19 Ms. Levin dated December 16, 2013.

20      14.     Attached as Exhibit J is a true and correct copy of an email I sent to Ms. Levin

21 dated December 17, 2013.

22      15.     Attached as Exhibit K is a true and correct copy of an email I sent to Ms.

23 Levin dated December 17, 2013.

24      16.     Attached as Exhibit L is a true and correct copy of an email I received from

25 Ms. Levin dated December 18, 2013.

26      17.     Attached as Exhibit M is a true and correct copy of an email I sent to Ms.

DECLARATION OF TEREZA SIMONYAN IN
SUPPORT OF MOTION TO COMPEL - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

128054.0001/5905076.1

1 Levin dated December 18, 2013.

2       18.     Attached as Exhibit N is a true and correct copy of an email I received from

3 Ms. Levin on December 24, 2013 and a response from me to Ms. Levin.

4       19.     Attached as Exhibit O is a true and correct copy of an email I sent to Ms.

5 Levin dated December 24, 2013.

6       20.     Attached as Exhibit P is a true and correct copy of a printout of information

7 from a Bitcoin blockchain identifying three transfers of a total of 2,324 Bitcoin on December

8 13, 2013.

9       I declare under penalty of perjury under the laws of the United States and the state of

10 Washington that the above is true and correct.

11       DATED this 26th day of December, 2013.

12

13                               By /s/ *Tereza Simonyan*

14                               Tereza Simonyan, WSBA No. 41741

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF TEREZA SIMONYAN IN
SUPPORT OF MOTION TO COMPEL - 3

**LANE POWELL** pc
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

128054.0001/5905076.1

# EXHIBIT A

```
 1   all addresses that it has mined under or that it has been
 2   associated with in the last -- that it currently has and
 3   that it has used in the last year, if that's different.
 4           MR. VESSENES:  Okay.  And that's no problem.
 5   It's --
 6           MR. SMITH:  I mean, I would think you would have
 7   that at your fingertips back at the office, as it were.
 8           MR. VESSENES:  One of the complexities is that
 9   it's common practice to associate, unlike a checking
10   account, associate a single address with a single
11   transaction, so Alydian has, call it maybe 100,000
12   addresses, that it's generated and might use.  Now --
13           MR. SMITH:  I don't want a list of 100,000.
14           MR. VESSENES:  I'm sure you don't and I didn't
15   want to --
16           MR. SMITH:  So are they grouped into an
17   overarching address and then you have sub-addresses?
18           MR. VESSENES:  No, they're each separate.  And one
19   of the reasons is for financial privacy.  Once this is
20   known, anyone can audit and that's one reason they're
21   interested in these.  They want to --
22           MR. SMITH:  Of course.  They want to know if the
23   Debtor is hiding bitcoins in other addresses --
24           MR. VESSENES:  Precisely.
25           MR. SMITH:  -- which is a very fair question in
```

1  Chapter 11.

2          MR. VESSENES:  I totally agree.  What I can easily

3  do is provide all the bitcoins that the Debtor has used

4  to transact so far, or mined to.  There's a matter of,

5  often when you transact, you kind of pull one off the

6  stack and then use it and then you're done with it.

7          MR. GALLANCY:  So would each bitcoin be associated

8  with a different address?

9          MR. VESSENES:  No, not precisely.  So there would

10  be maybe, it could be a fraction of a bitcoin or quite a

11  lot of them in one address.  So I guess what I would

12  suggest is that we provide a list of addresses that the

13  Debtor is in control of, maybe, that we could start with

14  those that have current balances at all so that --

15          MR. SMITH:  What are you looking for?  And I can

16  help a little here because I think it is kind of critical

17  to what assets the Debtor has or should have, but are you

18  looking for a list of 100,000 addresses?

19          MS. SIMONYAN:  Well, if the Debtor has used

20  100,000 addresses to store and transfer bitcoins in and

21  out of, then, yes, we need to have that information.

22  That's all property of the estate.  We don't know what

23  those transfers are.  You know, there are concerns about

24  preferential or fraudulent transfers.  If the Debtor has

25  been in control of 100,000 addresses, then we need to

Case 13-19746-KAO   Doc 75   Filed 12/26/13   Ent. 12/26/13 12:57:35   Pg. 5 of 28

1      MR. SMITH:  So how about you provide that list to

2  my office and to counsel and then -- as you understand

3  it.  And if that's not satisfactory and you need

4  something additional, you'll have to get it through your

5  normal processes.

6      MR. GALLANCY:  Right.  So there was a follow-on

7  question that I think is relevant here, just to be clear.

8  Does the Debtor and the parent company CoinLab, is there

9  any commingling of bitcoins or are they segregated by

10 address so anything that was --

11     MR. VESSENES:  No, they're not commingled.

12     MS. GLYNN LEVIN:  Just a second.  First of all,

13 can you clarify what you mean by "parent company"?

14     MS. SIMONYAN:  CoinLab.

15     MS. GLYNN LEVIN:  What parent company?

16     MR. GALLANCY:  CoinLab Incorporated, the majority

17 owner and the majority equity holder in Alydian.

18     MS. GLYNN LEVIN:  Okay.  I don't want to split

19 hairs and you're not an attorney, but that doesn't make

20 it a parent company so maybe you could just talk about

21 the names of the company --

22     MR. GALLANCY:  Sure, absolutely.  I'd be glad to.

23     MS. SIMONYAN:  Just use the names of the --

24     MR. GALLANCY:  I would be glad to.  I think you

25 were about to answer -- you were about to answer the

1    we are sort of complaining, I suppose, because this is
2    very basic information that pertains to the schedules.
3        MR. SMITH:  Let me just cut you off and say,
4    there's no point to be gained by complaining.  Either you
5    need to rephrase your question to something that he will
6    answer from personal knowledge or you have him now saying
7    he doesn't know.  And you know, if, in fact, he receives
8    a daily report of transfers, you know, whether there was
9    a transfer, then he just perjured himself.  So, I mean
10   it's a normal question and answer.
11       MS. SIMONYAN:  Okay.
12       MR. SMITH:  But complaining about it isn't going
13   to get you anywhere.
14       MS. SIMONYAN:  Okay, yes.  We can --
15       MS. GLYNN LEVIN:  We'd be happy to have a 2004
16   exam and have an opportunity, so he's prepared to answer
17   your specific questions about these accounts and
18   transfers.
19       MR. SMITH:  Well, and that's all true, but they're
20   not asking about a specific transfer at this point.  I
21   mean, it was --
22       MS. SIMONYAN:  Exactly.
23       MR. SMITH:  -- have there been any transfers
24   during that time period.  That's a pretty broad, generic
25   question that I would expect you to be able to answer.

1    The fact that you say you don't know if there was a

2    single transfer, that's strains credibility.

3         MR. VESSENES:  I disagree, because they asked have

4    we moved any between accounts we control.  And that to me

5    is -- I don't know that.  It's like asking, "Has any

6    hardware moved between your warehouses in November?"  I

7    don't know --

8         MR. SMITH:  Okay, fair enough.  You're putting a

9    different interpretation than I did on it.

10        MS. SIMONYAN:  Who would be in charge?  I

11   understand you are the only employee at Alydian; is that

12   correct?

13        MR. VESSENES:  That's correct, yeah.

14        MS. SIMONYAN:  Who would make the decision to

15   transfer bitcoins in and out of bitcoin addresses?

16        MR. VESSENES:  It could be -- well, the people

17   that are capable of doing it would be me, possibly the

18   finance director and possibly an engineer.

19        MR. GALLANCY:  So who's the finance director?

20        MR. VESSENES:  It has been Jodie Brady.  We're

21   currently evaluating bringing someone new on.

22        MR. GALLANCY:  Jodie Brady has left the company.

23        MR. VESSENES:  She's still contracting

24   occasionally, but she's not full time.

25        MS. SIMONYAN:  And Jodie Brady, is she a CoinLab

# EXHIBIT B

---

**From**: Simonyan, Tereza [mailto:SimonyanT@LanePowell.com]
**Sent**: Wednesday, December 04, 2013 04:32 PM
**To**: Deirdre Glynn Levin
**Cc**: Ekberg, Chuck <EkbergC@LanePowell.com>; Thomas.A.Buford@usdoj.gov <Thomas.A.Buford@usdoj.gov>;
martin.l.smith@usdoj.gov <martin.l.smith@usdoj.gov>
**Subject**: CLI Holdings/Alydian, Case No. 13-19746

Deidra,

Following up on the 341 meeting of creditors yesterday, please provide the following:

1. A list of Bitcoin addresses currently controlled by the Debtor;
2. A list of Bitcoin addresses controlled by the Debtor in the 3 years preceding the bankruptcy filing;
3. The XRAY loan documents;
4. The CoinLab-Debtor operating agreement;
5. Indicate which transfer listed on SOFA #3 reflects the transfer of 10,000 Bitcoins from Debtor to CoinLab.

I understand Nos. 1, 3 and 4 should be readily available and would appreciate your response prior to the Friday hearing. Thank you.

**Tereza Simonyan**


### LANE POWELL
ATTORNEYS & COUNSELORS

Attorney at Law, Bio | vCard
Lane Powell PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Direct: 206.223.7082
Cell: 206.239.8227
www.lanepowell.com

---

This message is private or privileged. If you are not the person for whom this message is intended, please delete it and notify me immediately, and please do not copy or send this message to anyone else.

Please be advised that, if this communication includes federal tax advice, it cannot be used for the purpose of avoiding tax penalties unless you have expressly engaged us to provide written advice in a form that satisfies IRS standards for "covered opinions" or we have informed you that those standards do not apply to this communication.

1

# EXHIBIT C

| | |
|---|---|
| **From:** | Deirdre Glynn Levin <dglynnlevin@KellerRohrback.com> |
| **Sent:** | Wednesday, December 04, 2013 4:39 PM |
| **To:** | Simonyan, Tereza |
| **Subject:** | Re: CLI Holdings/Alydian, Case No. 13-19746 |

Tereza,
Until we are satisfied that Bitvestment has proper standing in this case (per our reply brief today), we are not going to turn over any documentation. Then, we would expect that BR 2004 procedures be followed. Thank you.

---

**From:** Simonyan, Tereza [mailto:SimonyanT@LanePowell.com]
**Sent:** Wednesday, December 04, 2013 04:32 PM
**To:** Deirdre Glynn Levin
**Cc:** Ekberg, Chuck <EkbergC@LanePowell.com>; Thomas.A.Buford@usdoj.gov <Thomas.A.Buford@usdoj.gov>; martin.l.smith@usdoj.gov <martin.l.smith@usdoj.gov>
**Subject:** CLI Holdings/Alydian, Case No. 13-19746

Deidra,

Following up on the 341 meeting of creditors yesterday, please provide the following:

1. A list of Bitcoin addresses currently controlled by the Debtor;
2. A list of Bitcoin addresses controlled by the Debtor in the 3 years preceding the bankruptcy filing;
3. The XRAY loan documents;
4. The CoinLab-Debtor operating agreement;
5. Indicate which transfer listed on SOFA #3 reflects the transfer of 10,000 Bitcoins from Debtor to CoinLab.

I understand Nos. 1, 3 and 4 should be readily available and would appreciate your response prior to the Friday hearing. Thank you.

**Tereza Simonyan**

 **LANE POWELL**
ATTORNEYS & COUNSELORS

Attorney at Law, Bio | vCard
Lane Powell PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Direct: 206.223.7082
Cell: 206.239.8227
www.lanepowell.com

---

This message is private or privileged. If you are not the person for whom this message is intended, please delete it and notify me immediately, and please do not copy or send this message to anyone else.

Please be advised that, if this communication includes federal tax advice, it cannot be used for the purpose of avoiding tax penalties unless you have expressly engaged us to provide written advice in a form that satisfies IRS standards for "covered opinions" or we have informed you that those standards do not apply to this communication.

1

# EXHIBIT D

**Simonyan, Tereza**

| | |
|---|---|
| **From:** | Simonyan, Tereza |
| **Sent:** | Wednesday, December 04, 2013 5:31 PM |
| **To:** | 'Deirdre Glynn Levin' |
| **Cc:** | Ekberg, Chuck; Buford, Thomas A.  (USTP) (Thomas.A.Buford@usdoj.gov); martin.l.smith@usdoj.gov |
| **Subject:** | RE: CLI Holdings/Alydian, Case No. 13-19746 |
| **Attachments:** | bankruptcy filing.pdf; bitv.pdf |

Deidra,

I am attaching the list of 20 largest unsecured creditors prepared by you listing Bitvestment as a creditor.  The NY Secretary of State's website clearly shows that Bitvestment and Dalsa Barbour are one and the same entity, there was merely a name change in October of 2013.  See attached.

The information we ask that you to provide should have been disclosed with the debtor's schedules in the first place.  I believe Mr. Smith indicated that at least some of this information should be available at the "debtor's fingertips" and should be turned over, he will correct me if I am wrong.

**Tereza Simonyan**



Attorney at Law, Bio | vCard
Lane Powell PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Direct: 206.223.7082
Cell: 206.239.8227
www.lanepowell.com

---

**From:** Deirdre Glynn Levin [mailto:dglynnlevin@KellerRohrback.com]
**Sent:** Wednesday, December 04, 2013 4:39 PM
**To:** Simonyan, Tereza
**Subject:** Re: CLI Holdings/Alydian, Case No. 13-19746

Tereza,
Until we are satisfied that Bitvestment has proper standing in this case (per our reply brief today), we are not going to turn over any documentation. Then, we would expect that BR 2004 procedures be followed. Thank you.

---

**From:** Simonyan, Tereza [mailto:SimonyanT@LanePowell.com]
**Sent:** Wednesday, December 04, 2013 04:32 PM
**To:** Deirdre Glynn Levin
**Cc:** Ekberg, Chuck <EkbergC@LanePowell.com>; Thomas.A.Buford@usdoj.gov <Thomas.A.Buford@usdoj.gov>; martin.l.smith@usdoj.gov <martin.l.smith@usdoj.gov>
**Subject:** CLI Holdings/Alydian, Case No. 13-19746

Deidra,

1

# EXHIBIT E

| | |
|---|---|
| **From:** | Simonyan, Tereza |
| **Sent:** | Monday, December 09, 2013 9:27 AM |
| **To:** | 'Deirdre Glynn Levin' |
| **Cc:** | Ekberg, Chuck |
| **Subject:** | RE: CLI Holdings/Alydian, Case No. 13-19746 |

Deidre,

Now that the Court has ruled on the standing issues, will you be turning over the documents we requested following the 341 meeting?

1. A list of Bitcoin addresses currently controlled by the Debtor;
2. A list of Bitcoin addresses controlled by the Debtor in the 3 years preceding the bankruptcy filing;
3. The XRAY loan documents;
4. The CoinLab-Debtor operating agreement;
5. Indicate which transfer listed on SOFA #3 reflects the transfer of 10,000 Bitcoins from Debtor to CoinLab.

**From:** Deirdre Glynn Levin [mailto:dglynnlevin@KellerRohrback.com]
**Sent:** Thursday, December 05, 2013 3:39 PM
**To:** Simonyan, Tereza
**Subject:** RE: CLI Holdings/Alydian, Case No. 13-19746

Tereza,
That was for purposes of notice only, since Bitvestment sued CLI Holdings, Inc. in New York. Dalsa Barbour is also on the 20 largest list.
Nothing was attached to your email.

```
---------------------------
Deirdre Glynn Levin
Attorney
Keller Rohrback L.L.P.
Phone: (206) 623-1900
Fax: (206) 623-3384
Email: dglynnlevin@kellerrohrback.com
```

CONFIDENTIALITY NOTE: This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.

**From:** Simonyan, Tereza [mailto:SimonyanT@LanePowell.com]
**Sent:** Wednesday, December 04, 2013 5:31 PM
**To:** Deirdre Glynn Levin

1

# EXHIBIT F

Form 254 – Subpoena for Rule 2004 Examination (12/06)

## UNITED STATES BANKRUPTCY COURT

_____Western_____          District of          _____Washington_____

In re  CLI HOLDINGS, INC. dba ALYDIAN,
          Debtor

**SUBPOENA FOR RULE 2004 EXAMINATION**

Case No.*  13-19746-KAO

To:   CLI HOLDINGS, INC. dba Alydian, through its
        designated representative, Peter Vessenes

Chapter  11

☒   YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below.  A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Lane Powell PC<br>1420 Fifth Ave., Suite 4200<br>Seattle, WA  98111-9402 | Friday, January 3, 2014 at 10:00 a.m. |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents identified on Exhibit "A" hereto pursuant to that certain Order Authorizing Rule 2004 Examination entered December 12, 2013 (Dkt. 56).

| PLACE | DATE AND TIME |
|---|---|
| Lane Powell PC<br>1420 5th Avenue, Suite 4200<br>Seattle, WA 98111-9402 | Monday, December 23, 2013 at 12:00 Noon. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorney for Bitvestment Partners LLC fka Dalsa Barbour LLC | December 13, 2013 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Tereza Simonyan, Esq.
Lane Powell, PC, 1420 Fifth Ave., Ste. 4200, Seattle, WA  98111-9402
(206) 223-7000

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                                SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT "A"

1. A list of all addresses that Debtor utilizes and has previously utilized to mine, receive, transfer, store, hold, and otherwise control Bitcoins, and copies of any and all records and documents relating to these addresses.

2. A list of all addresses that CoinLab Inc. ("CoinLab") utilizes and has previously utilized to mine, receive, transfer, store, hold, and otherwise control Bitcoins, and copies of any and all records and documents relating to these addresses.

3. A list of all addresses that Peter Vessenes utilizes and has previously utilized to mine, receive, transfer, store, hold, and otherwise control Bitcoins, and copies of any and all records and documents relating to these addresses.

4. Copies of any and all records and documents relating to the "business loan" extended to the Debtor by XRAY Holdings Limited ("XRAY"), including without limitation, loan documents, corporate resolutions, minutes, correspondence.

5. Copies of all records and documents relating to any and all current and past obligation(s) owed by the Debtor to CoinLab.

6. Copies of any and all records and documents relating to the Debtor's transfer of 10,000 Bitcoins to CoinLab on or about October 29, 2013.

7. Copies of records of any and all transfers of Bitcoins or cash equivalents from Debtor to other parties, including, but not limited to, CoinLab, XRAY, any and all parties to Bitcoin presale agreements with Debtor, Peter Vessenes, Brian Cartmell, and any other insiders of the Debtor as the terms is defined under §101(31) of the Bankruptcy Code, including without limitations, all communications (including emails, text messages, instant messages, and all other forms of electronic communication), price estimates, agreements, invoices, statements of work, cancelled checks, wire transfer statements, receipts and communications relating to such transfers.

8. Copies of any and all financial statements or other lists of assets, liabilities, and/or income for the Debtor in the two (2) years preceding the Debtor's bankruptcy filing.

9. Copies of any and all checking and savings registers, bank account statements, and bank books, including savings books and checking account records in the Debtor's name, or in the name of any individual or entity, that is holding or has held any funds on behalf of the Debtor during the two (2) years preceding the Debtor's bankruptcy filing.

10. Copies of any and all evidence of indebtedness owing from the Debtors to any third party, including, without limitation, promissory notes, loan agreements, finance agreements and leases and copies of any and all documents evidencing security for any indebtedness, and records of all consideration relating to such indebtedness.

11. All documentation evidencing any capital contributions made by the Debtor's shareholders to the Debtor, including, without limitation, bank records, cancelled checks, wire transfer documentation, deeds, or other conveyance documents.

12. Copies of any and all organizational documents of any other business(es) owned or controlled by the Debtor, or in which Debtor has stock or interest of any kind, including, but not

128054.0001/5898253.1

limited to, minutes and resolutions, bylaws, shareholder agreements, operating agreements, articles of incorporation, buy-sell agreements, stock registers, and stock certificates.

13. All documents and communications (including emails, text messages, instant messages, and all other forms of electronic communication) by or between the Debtor and XRAY, Brian Cartmell and Joel Yarmon relating to transactions with the Debtor.

14. Copies of any and all organizational documents of the Debtor, including, but not limited to, minutes and resolutions, bylaws, shareholder agreements, operating agreements, articles of incorporation, buy-sell agreements, stock registers, and stock certificates.

15. Copies of any and all organizational documents of CoinLab, including, but not limited to, minutes and resolutions, bylaws, shareholder agreements, operating agreements, articles of incorporation, buy-sell agreements, stock registers, and stock certificates.

16. Copies of any and all documents concerning or relating to all security measures in place by the Debtor and/or CoinLab to secure any Bitcoins that the Debtor and CoinLab possess.

17. Copies of any and all records in connections with the ownership of Bitcoins by the Debtor, CoinLab and XRAY.

18. Copies of any and all records concerning or relating to all Bitcoins mined by the Debtor and/or CoinLab during the two (2) years preceding the Debtor's bankruptcy filing.

19. Any and all income tax returns for the Debtor for the two (2) years preceding the Debtor's bankruptcy filing, including without limitations, schedules, amendments, attachments, exhibits and all other documents relating to such income tax returns.

20. Copies of any and all records and documents concerning or relating to the acquisition of any Bitcoin mining equipment or parts for any such equipment during the two (2) years preceding the Debtor's bankruptcy filing.

21. Copies of all documents and communications (including emails, text messages, instant messages, and all other forms of electronic communication) concerning or relating to any efforts undertaken by the Debtor, or any other person or entity on behalf of the Debtor, to market, sell, list for sale, and otherwise solicit purchase offers for any Bitcoin mining equipment or any parts for such equipment during the two (2) years preceding the Debtor's bankruptcy filing.

22. Copies of all documents relating to any and all deeds, bills of sale, excise tax affidavits, and other transfer documents, not otherwise described herein, relating to Debtor's ownership of, or interest in, any real or personal property, cash or cash equivalents.

23. Copies of all records, documents and correspondence (including emails, text messages, instant messages and any other forms of electronic communications) concerning or relating to the Debtor's agreement with Daniel H. Gallancy, Bitvestment Partners LLC and/or Dalsa Barbour LLC.

24. A list of all current and former employees of the Debtor and CoinLab.

25. A list of all current and former board members of the Debtor and CoinLab.

26. Copies of all budgets, business plans, due diligence materials, revenue projections and estimates prepared by the Debtor, or any other party on behalf of and for the Debtor, during the

2

two (2) years preceding the Debtor's bankruptcy filing, including without limitation, expense estimates for Bitcoin mining equipment (including components and parts), service and labor, historical estimates for Bitcoin mining capacity that would result from the above-referenced expenditures, the estimated timing of the availability and deployment of the mining capacity, and historical estimates for overall industry Bitcoin mining capacity.

27. Copies of all records and documents concerning or related to all Bitcoin pre-sale agreements to which the Debtor is or has been a party, including without limitation, Chris Koss, Bobby Seidensticker III, Barry Silbert, Soule Investment LLC, Jon Chin, Roger Ver, BTC Agreements.

3

128054.0001/5898253.1

# EXHIBIT G

| | |
|---|---|
| **From:** | Deirdre Glynn Levin <dglynnlevin@KellerRohrback.com> |
| **Sent:** | Monday, December 16, 2013 9:25 AM |
| **To:** | Simonyan, Tereza |
| **Subject:** | Scheduling of R 2004 Exam and Objections to Document Production |

Good morning Tereza,
I left you a voice mail on Friday about the scheduling of Peter Vessenes' BR 2004 exam. It is noted for January 3 2014. No one inquired if my client or I would be available on that day as is the practice before noting a BR 2004 exam.
Peter is not available on January 3 and it is likely that I will not be either. The earliest Peter is open is January 13 or 14. Kindly take steps to renote this.

As for the document production request, some are objectionable. We will address these in a separate communication.

Thank you.


----------------------------
Deirdre Glynn Levin
Attorney
Keller Rohrback L.L.P.
Phone: (206) 623-1900
Fax: (206) 623-3384
Email: dglynnlevin@kellerrohrback.com

CONFIDENTIALITY NOTE: This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.

# EXHIBIT H

| | |
|---|---|
| **From:** | Simonyan, Tereza |
| **Sent:** | Monday, December 16, 2013 3:06 PM |
| **To:** | 'Deirdre Glynn Levin' |
| **Cc:** | Ekberg, Chuck |
| **Subject:** | RE: Scheduling of R 2004 Exam and Objections to Document Production |

Hi Deirdre,

I have no problem rescheduling the Rule 2004 exam if you and your client are not available on January 3 but we need to do it before the 13th.  Can Peter make himself available January 6, 7 or 8 perhaps?  I am happy to accommodate but this is an important matter for both of our clients and it is not reasonable to submit that Peter can't carve out a few hours for a Rule 2004 for an entire month after the service of the subpoenas.  Please let me know if any of the above alternative dates work for your client.

As for the document production request, I will look forward to the separate communication regarding your objections and hope we can resolve those without involvement of the court.  I don't know what your objections are, but I trust that the basic information we requested will be submitted on or before the December 23 deadline that our subpoena sets.

Thank you.


**Tereza Simonyan**

 **LANE POWELL**
ATTORNEYS & COUNSELORS

Attorney at Law, Bio | vCard
Lane Powell PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Direct: 206.223.7082
Cell: 206.239.8227
www.lanepowell.com

---

**From:** Deirdre Glynn Levin [mailto:dglynnlevin@KellerRohrback.com]
**Sent:** Monday, December 16, 2013 9:25 AM
**To:** Simonyan, Tereza
**Subject:** Scheduling of R 2004 Exam and Objections to Document Production

Good morning Tereza,
I left you a voice mail on Friday about the scheduling of Peter Vessenes' BR 2004 exam.  It is noted for January 3 2014. No one inquired if my client or I would be available on that day as is the practice before noting a BR 2004 exam.
Peter is not available on January 3 and it is likely that I will not be either. The earliest Peter is open is January 13 or 14. Kindly take steps to renote this.

As for the document production request, some are objectionable. We will address these in a separate communication.

1

# EXHIBIT I


**Simonyan, Tereza**

---

| | |
|---|---|
| **From:** | Deirdre Glynn Levin <dglynnlevin@KellerRohrback.com> |
| **Sent:** | Monday, December 16, 2013 4:03 PM |
| **To:** | Simonyan, Tereza |
| **Cc:** | Ekberg, Chuck |
| **Subject:** | RE: Scheduling of R 2004 Exam and Objections to Document Production |

Tereza
Is there a specific reason why his R. 2004 exam needs to be before January 13? if it is because of the NY District Court litigation, then that does is not a legitimate reason in the bankruptcy case. Peter has been scheduled to be out from the 2nd-10th of January and that has been on his calendar for quite some time.

Still on the subject of discovery, I'm moving for a ex parte order of Bitvestment as to its claim against the Alydian estate. If Dan Gallancy intends to travel to Seattle to attend Peter Vessenes R.2004 exam, then it would make sense for Gallancy's exam to be taken the day after (on January 14) so he only has to travel to Seattle once. Please let me know if he is available that day.

I'll get you my objections in the next day or two.

Thanks.

---------------------------
Deirdre Glynn Levin
Attorney
Keller Rohrback L.L.P.
Phone: (206) 623-1900
Fax: (206) 623-3384
Email: dglynnlevin@kellerrohrback.com

CONFIDENTIALITY NOTE: This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.

---

**From:** Simonyan, Tereza [mailto:SimonyanT@LanePowell.com]
**Sent:** Monday, December 16, 2013 3:06 PM
**To:** Deirdre Glynn Levin
**Cc:** Ekberg, Chuck
**Subject:** RE: Scheduling of R 2004 Exam and Objections to Document Production

Hi Deirdre,

I have no problem rescheduling the Rule 2004 exam if you and your client are not available on January 3 but we need to do it before the 13th. Can Peter make himself available January 6, 7 or 8 perhaps? I am happy to accommodate but this is an important matter for both of our clients and it is not reasonable to submit that Peter can't carve out a few hours for a Rule 2004 for an entire month after the service of the subpoenas. Please let me know if any of the above alternative dates work for your client.

1

# EXHIBIT J

| | |
|---|---|
| **From:** | Simonyan, Tereza |
| **Sent:** | Tuesday, December 17, 2013 11:44 AM |
| **To:** | 'Deirdre Glynn Levin' |
| **Cc:** | Ekberg, Chuck |
| **Subject:** | RE: Scheduling of R 2004 Exam and Objections to Document Production |

Dear Deirdre,

The specific reason the exam needs to be sooner than a month from now is because the estate has undisclosed assets with significant but volatile value, we have knowledge of millions of dollars being transferred out of the estate on weekly basis and the estate's creditors should not have to wait yet another month to discover basic information about estate assets and operations that should have been disclosed in the debtor's bankruptcy schedules at the outset of the case to begin with. As you remember, Mr. Vessenes came to the 341 meeting of creditors unprepared to answer basic questions about the assets of the estate (bitcoins) and the transfers thereof and you have disregarded my and the US Trustee's numerous informal requests for this information inviting instead to utilize the Rule 2004 process. If Mr. Vessenes has a scheduled vacation January 2-10 then we should have the exam beforehand. He can choose any date between December 26 and January 3 exclusive of holidays of course. This assumes we will receive most of the basic information requested per our Rule 2004 order by December 23.

Mr. Gallancy does not intend to attend the Rule 2004 exam in person. We can discuss dates for his exam after you get the order authorizing his exam.

Thank you.

**Tereza Simonyan**

 **LANE POWELL**
ATTORNEYS & COUNSELORS

Attorney at Law, Bio | vCard
Lane Powell PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Direct: 206.223.7082
Cell: 206.239.8227
www.lanepowell.com

---

**From:** Deirdre Glynn Levin [mailto:dglynnlevin@KellerRohrback.com]
**Sent:** Monday, December 16, 2013 4:03 PM
**To:** Simonyan, Tereza
**Cc:** Ekberg, Chuck
**Subject:** RE: Scheduling of R 2004 Exam and Objections to Document Production

Tereza
Is there a specific reason why his R. 2004 exam needs to be before January 13? if it is because of the NY District Court litigation, then that does is not a legitimate reason in the bankruptcy case. Peter has been scheduled to be out from the 2nd-10th of January and that has been on his calendar for quite some time.

1

# EXHIBIT K

| | |
|---|---|
| **From:** | Deirdre Glynn Levin <dglynnlevin@KellerRohrback.com> |
| **Sent:** | Tuesday, December 17, 2013 3:45 PM |
| **To:** | Simonyan, Tereza |
| **Cc:** | Ekberg, Chuck |
| **Subject:** | RE: Scheduling of R 2004 Exam and Objections to Document Production |

Sorry, Tereza.  We don't accept your premise that "millions of dollars are being transferred out of the estate on a weekly basis". My client denies this allegation.
If you have evidence, then best explain that to the court and I would be very interested to see what Bitvestment has to show in support.

The BR 2004 exam can be held on January 13 2014 and we will have Peter available on that date.

Thank you.
dpgl


---------------------------
Deirdre Glynn Levin
Attorney
Keller Rohrback L.L.P.
Phone: (206) 623-1900
Fax: (206) 623-3384
Email: dglynnlevin@kellerrohrback.com

CONFIDENTIALITY NOTE: This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.

---

**From:** Simonyan, Tereza [mailto:SimonyanT@LanePowell.com]
**Sent:** Tuesday, December 17, 2013 12:59 PM
**To:** Deirdre Glynn Levin
**Cc:** Ekberg, Chuck
**Subject:** RE: Scheduling of R 2004 Exam and Objections to Document Production

We will file the proof of claim before the bar date, which is coming up shortly.

I'll look to hear from you re a date for Peter's exam.

Thanks.

**From:** Deirdre Glynn Levin [mailto:dglynnlevin@KellerRohrback.com]
**Sent:** Tuesday, December 17, 2013 12:46 PM
**To:** Simonyan, Tereza
**Subject:** RE: Scheduling of R 2004 Exam and Objections to Document Production

1

# EXHIBIT L

| | |
|---|---|
| **From:** | Simonyan, Tereza |
| **Sent:** | Wednesday, December 18, 2013 10:33 AM |
| **To:** | 'Deirdre Glynn Levin' |
| **Cc:** | Ekberg, Chuck; Bryan Reyhani (bryan@rnlawfirm.com) |
| **Subject:** | RE: Scheduling of R 2004 Exam and Objections to Document Production |

*https://blockchain.info/address/18aQubkBvMV9GqBCy7nPjfpdN8uCZiFQrC?filter=1*

The above link shows transfers of 2,325 Bitcoins out of an Alydian address to a newly-formed address on Friday, December 12. That's approximately $2 million as of the date of the transfer, and significantly less today. As you understand time is of the essence, especially in light of the nature of the assets, the debtor's repeated failures to disclose basic information in this case and the large unexplained transfers of assets out of the estate. I have given your client plenty of notice of the Rule 2004 exam and numerous alternative dates to accommodate his vacation schedule. Please remind Mr. Vessenes that he represents a debtor that receives significant protections in bankruptcy and he has duties to the estate and the creditors; he cannot have something more important than his bankruptcy case every day until January 13.

Our subpoena stands and we expect the debtor to produce the documents requested and appear at the exam on the time and date set forth in the subpoena and we will pursue appropriate remedies if the debtor fails to obey the subpoena and the court order. The burden is on you to file a motion to quash and explain to the court why the debtor is unwilling to submit to an examination until after an entire month following service of the subpoena.

Thank you.


**Tereza Simonyan**



ATTORNEYS & COUNSELORS

Attorney at Law, Bio | vCard
Lane Powell PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Direct: 206.223.7082
Cell: 206.239.8227
www.lanepowell.com

---

**From:** Deirdre Glynn Levin [mailto:dglynnlevin@KellerRohrback.com]
**Sent:** Tuesday, December 17, 2013 3:45 PM
**To:** Simonyan, Tereza
**Cc:** Ekberg, Chuck
**Subject:** RE: Scheduling of R 2004 Exam and Objections to Document Production

Sorry, Tereza. We don't accept your premise that "millions of dollars are being transferred out of the estate on a weekly basis". My client denies this allegation.
If you have evidence, then best explain that to the court and I would be very interested to see what Bitvestment has to show in support.

**Simonyan, Tereza**

| | |
|---|---|
| **From:** | Simonyan, Tereza |
| **Sent:** | Wednesday, December 18, 2013 4:20 PM |
| **To:** | 'Deirdre Glynn Levin' |
| **Subject:** | RE: Scheduling of R 2004 Exam and Objections to Document Production |

Do you intend to produce all the information in our document production request by December 23? We will consider re-noting the exam if we receive satisfactory responses.

**From:** Deirdre Glynn Levin [mailto:dglynnlevin@KellerRohrback.com]
**Sent:** Wednesday, December 18, 2013 3:48 PM
**To:** Simonyan, Tereza
**Subject:** RE: Scheduling of R 2004 Exam and Objections to Document Production

Tereza,
Alydian made three transfers: approximately 950 bitcoin, 950 bitcoin, and 424 bitcoin on December 12. However, they were transferred to another address or addresses held by Alydian. I do not see how that impacts your client or any other creditor.

Why did Bitvestment object to all the discovery in the NY case? See attached. No one else is asking for discovery. No one else thinks time is of the essence. We are not even seven weeks since the petition date.

Peter is willing to have his BR 2004 exam taken. This is a scheduling issue. There are holidays and everyone has vacations planned. You did not confer with me before you unilaterally chose the January 3 date. He is available on January 13. Can you explain why 10 days makes a difference?

Thanks.


-----------------------------
Deirdre Glynn Levin
Attorney
Keller Rohrback L.L.P.
Phone: (206) 623-1900
Fax: (206) 623-3384
Email: dglynnlevin@kellerrohrback.com

CONFIDENTIALITY NOTE: This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.


**From:** Simonyan, Tereza [mailto:SimonyanT@LanePowell.com]
**Sent:** Wednesday, December 18, 2013 10:33 AM
**To:** Deirdre Glynn Levin
**Cc:** Ekberg, Chuck; Bryan Reyhani (bryan@rnlawfirm.com)
**Subject:** RE: Scheduling of R 2004 Exam and Objections to Document Production

1

# EXHIBIT N

| | |
|---|---|
| **From:** | Deirdre Glynn Levin <dglynnlevin@KellerRohrback.com> |
| **Sent:** | Tuesday, December 24, 2013 2:30 PM |
| **To:** | Simonyan, Tereza |
| **Cc:** | Deirdre Glynn Levin |
| **Subject:** | CLI Holding Inc. - Responses to BR 2004 Production of Documents |

Hi Tereza,

I still need client review and final approval before sending you the responses to your BR 2004 discovery requests. I hope to have that by 12/26.

We do have a number of objections to requests 2, 3, 7,10,13,15,16,17,18, 20, 23, 26 and 27.  Some requests specify documents from non debtors, and some are simply overbroad and burdensome.

I am hoping we can discuss and find a way to work out these objections.  Let me know what you think.

We have partial objections to 5, 24 and 25.

Debtor has no documents in response to 19, 21 and 22.

Thanks for your patience and have a happy holiday.

dpgl

--------------------------
Deirdre Glynn Levin
Attorney
Keller Rohrback L.L.P.
Phone: (206) 623-1900
Fax: (206) 623-3384
Email: dglynnlevin@kellerrohrback.com

CONFIDENTIALITY NOTE: This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.

1

# EXHIBIT O

| | |
|---|---|
| **From:** | Simonyan, Tereza |
| **Sent:** | Tuesday, December 24, 2013 2:52 PM |
| **To:** | Deirdre Glynn Levin |
| **Subject:** | Re: CLI Holding Inc. - Responses to BR 2004 Production of Documents |

Deirdre,

Can we discuss today? This late in the game and given the shortened time hearing I need to know whether we are going to be able to work this immediately. Thank you.

On Dec 24, 2013, at 2:29 PM, "Deirdre Glynn Levin" <dglynnlevin@KellerRohrback.com> wrote:

> Hi Tereza,
>
> I still need client review and final approval before sending you the responses to your BR 2004 discovery requests. I hope to have that by 12/26.
>
> We do have a number of objections to requests 2, 3, 7,10,13,15,16,17,18, 20, 23, 26 and 27.  Some requests specify documents from non debtors, and some are simply overbroad and burdensome.
>
> I am hoping we can discuss and find a way to work out these objections.  Let me know what you think.
>
> We have partial objections to 5, 24 and 25.
>
> Debtor has no documents in response to 19, 21 and 22.
>
> Thanks for your patience and have a happy holiday.
>
> dpgl
>
> ---------------------------
> Deirdre Glynn Levin
> Attorney
> Keller Rohrback L.L.P.
> Phone: (206) 623-1900
> Fax: (206) 623-3384
> Email: dglynnlevin@kellerrohrback.com
>
> CONFIDENTIALITY NOTE: This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.

1

# Bitcoin Address

### Summary

| | |
|---|---|
| Address | 18aQubkBvMV9GqBCy7nPjfpdN8uCZiFQrC |
| Tools | Taint Analysis - Related Tags - Unspent Outputs |

### Transactions

| | | |
|---|---|---|
| No. Transactions | 723 | |
| Total Received | 4,003.56035414 BTC | |
| Final Balance | 860.0002 BTC | |

Request Payment    Donation Button



## Sent Transactions                                      Filter ⌄

| | |
|---|---|
| 7de87d544031a337174654d024a21484aefc35d01c5... | **2013-12-13 04:52:30** |
| 147By7P6kwGyRDtZBNbQHw1XjfM938iCNM | |
| | -424.99220001 BTC |
| 278eaeb910e106b1e9fd3fc828bb57cad59fd7ee407d... | **2013-12-13 04:51:45** |

147By7P6kwGyRDtZBNbQHw1XjfM938iCNM
18aQubkBvMV9GqBCy7nPjfpdN8uCZiFQrC

-950.0039 BTC

e954f0322901fedfa3043f5c9396223ee15c2f07f19b6c...          **2013-12-13 04:51:06**

147By7P6kwGyRDtZBNbQHw1XjfM938iCNM
18aQubkBvMV9GqBCy7nPjfpdN8uCZiFQrC

-950.0039 BTC

528c0ff47681c2c1433e06c0d6e65b814efb3edc40d80...          **2013-11-01 18:30:34**

12zZM5LQeC4xdtRMNw7DdJVcCRBQQ8Vb1t
18aQubkBvMV9GqBCy7nPjfpdN8uCZiFQrC

-9.99999999 BTC

13d11404a6ab1d97fc626ae768549822a77b5b5d2c3...          **2013-10-29 16:38:06**

12zZM5LQeC4xdtRMNw7DdJVcCRBQQ8Vb1t

-808.56015414 BTC