Entered on Docket December 30, 2013

**Below is the Order of the Court.**

_____
Karen A. Overstreet
U.S. Bankruptcy Judge
**(Dated as of Entered on Docket date above)**

---

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re ) ) CLI HOLDINGS, INC. dba ALYDIAN, ) ) Debtor. ) ) ) ) | CASE NO. 13-19746-KAO ORDER GRANTING BITVESTMENT PARTNERS, LLC'S MOTION TO COMPEL |

THIS MATTER having come before the Court for hearing on the Motion to Compel (the "Motion to Compel"), filed by Bitvestment f/k/a Dalsa Barbour LLC ("Bitvestment") pursuant to Local Bankruptcy Rule 9013-1 and Fed. R. Bankr. P. 9006(c); and the Court having considered the Motion to Compel and the Declaration of Tereza Simonyan ("Simonyan Decl."), Response to the Motion to Compel and the Declaration of Deirdre Glynn Levin, and having heard arguments of counsel on December 30, 2013; IT IS NOW, THEREFORE

ORDERED that the Debtor's designated representative shall appear and testify at an examination under Rule 2004 at 9:00 a.m. on January 7, 2014, at the following location:
 Lane Powell PC
 1420 Fifth Avenue, Suite 4200
 Seattle, WA 98111 – 9402

and it is further

ORDER GRANTING BITVESTMENT PARTNERS, LLC'S
MOTION TO COMPEL - 1

128054.0001/5904862.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Case 13-19746-KAO    Doc 85    Filed 12/30/13    Ent. 12/30/13 16:11:31    Pg. 1 of 13

ORDERED that the Debtor shall produce the documents set forth on Exhibit A ("Exhibit A") to the Court's order authorizing Rule 2004 examination (Dkt. # 56), as follows:

1. The Debtor shall produce all records identified in Paragraph 1 of **Exhibit A** attached hereto within 24 hours of entry of this Order, subject to a confidentiality agreement substantially in the form attached hereto as **Exhibit 1**.

2. The Debtor is not required to produce the records identified in Paragraph 2 of Exhibit A.

3. The Debtor is not required to produce the records identified in Paragraph 3 of Exhibit A.

4. The Debtor shall produce all records identified in Paragraph 4 of Exhibit A by January 31, 2014, subject to a confidentiality agreement attached hereto as **Exhibit 1**.

5. In response to the request for production in Paragraph 5, the Debtor shall produce, by January 6, 2014: (1) all records and documents relating to any and all current and past obligations owed by the Debtor to Coin Lab, Inc. ("CoinLab") within 1 year prior to the Petition Date; and (2) all correspondence and communications relating to the Debtor's obligations owed to CoinLab generated within 90 days prior to the Petition Date; provided that this production is limited to records in the possession and control of the Debtor.

6. Debtor shall produce all records identified in Paragraph 6 of Exhibit A by January 6, 2014.

7. Debtor shall use its best efforts to produce, by January 6, 2014, all records and information identified in Paragraph 7 of Exhibit A, beginning on July 1, 2013. The production shall be limited to Debtor's transfers with CoinLab, XRay Holdings, Inc. ("XRAY"), Peter Vessenes, Brian Cartmell, and Joel Yarmon.

8. The Debtor represents that it has produced all the records and information in response to Paragraph 8 of Exhibit A, with the exception of certain mining projections, which the Debtor shall produce by January 6, 2014.

ORDER GRANTING BITVESTMENT PARTNERS, LLC'S
MOTION TO COMPEL - 2

128054.0001/5904862.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Case 13-19746-KAO    Doc 85    Filed 12/30/13    Ent. 12/30/13 16:11:31    Pg. 2 of 13

9. The Debtor shall re-submit copies of the bank records previously produced in response to Paragraph 9 to Exhibit A, redacting all but the last four digits of account numbers referenced therein.

10. The Debtor shall produce all records identified in Paragraph 10 of Exhibit A by January 6, 2014, or shall represent that it has produced all such documents.

11. The Debtor shall produce all records identified in Paragraph 11 of Exhibit A by January 6, 2014.

12. The Debtor shall produce all records identified in Paragraph 12 of Exhibit A by January 6, 2014.

13. The Debtor is not required to produce the records identified in Paragraph 13 of Exhibit A.

14. The Debtor shall produce all records identified in Paragraph 14 of Exhibit A by January 6, 2014, or shall represent that it has produced all such documents.

15. The Debtor shall produce all records identified in Paragraph 15 of Exhibit A by January 6, 2014; provided that this production is limited to records in the possession and control of the Debtor.

16. The Debtor shall produce all records identified in Paragraph 16 of Exhibit A by January 6, 2014, subject to execution of a confidentiality agreement in the form attached hereto as **Exhibit 1**.

17. The Debtor shall produce copies of all records in connection with Debtor's ownership of Bitcoins by January 6, 2014, subject to execution of a confidentiality agreement in the form attached hereto as **Exhibit 1**.

18. The Debtor shall produce all documents identified in Paragraph 18 of Exhibit A by January 6, 2014, subject to execution of a confidentiality agreement in the form attached hereto as **Exhibit 1**; provided that this production is limited to records in the possession and control of the Debtor.

ORDER GRANTING BITVESTMENT PARTNERS, LLC'S
MOTION TO COMPEL - 3

128054.0001/5904862.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Case 13-19746-KAO    Doc 85    Filed 12/30/13    Ent. 12/30/13 16:11:31    Pg. 3 of 13

19. The Debtor shall produce all records identified in Paragraph 19 of Exhibit A by January 6, 2014, or shall represent that it has produced all such documents.

20. By January 6, 2014, the Debtor shall use its best efforts to produce all records it has within its control identified in Paragraph 20 of Exhibit A, beginning on the date of any acquisitions identified in Paragraph 20.

21. By January 6, 2014, the Debtor shall produce all records identified in Paragraph 21 of Exhibit A beginning 90 days before the Petition Date, subject execution of a confidentiality agreement in the form attached hereto as **Exhibit 1**.

22. The Debtor shall produce all records identified in Paragraph 22 of Exhibit A by January 6, 2014, or shall represent that it has produced all such documents.

23. The Debtor shall produce all records identified in Paragraph 23 of Exhibit A by January 6, 2014.

24. The Debtor represents that the Debtor has no past or present employees.

25. The Debtor represents it has no present or past board members other than Peter Vessenes.

26. The Debtor shall produce any budgets it has in its control by January 6, 2014.

27. The Debtor shall produce all records and documents identified in Paragraph 27 of Exhibit A by January 31, 2014, subject to a confidentiality agreement to be entered between the parties.

28. The parties, by mutual consent, may modify the terms of the confidentiality agreement attached hereto as **Exhibit 1**.

*### End of Order###*

ORDER GRANTING BITVESTMENT PARTNERS, LLC'S
MOTION TO COMPEL - 4

128054.0001/5904862.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Case 13-19746-KAO    Doc 85    Filed 12/30/13    Ent. 12/30/13 16:11:31    Pg. 4 of 13

| | |
|---|---|
| 1 | Presented by: |
| 2 | |
| 3 | LANE POWELL PC |
| 4 | By /s/ *Tereza Simonyan* |
| 5 | Charles R. Ekberg, WSBA No. 00342<br>Tereza Simonyan, WSBA No. 41741 |
| 6 | Attorneys for Bitvestment Partners LLC,<br>f/k/a Dalsa Barbour LLC |

ORDER GRANTING BITVESTMENT PARTNERS, LLC'S
MOTION TO COMPEL - 5

128054.0001/5904862.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

# EXHIBIT "A"

1. A list of all addresses that Debtor utilizes and has previously utilized to mine, receive, transfer, store, hold, and otherwise control Bitcoins, and copies of any and all records and documents relating to these addresses.

2. A list of all addresses that CoinLab Inc. ("CoinLab") utilizes and has previously utilized to mine, receive, transfer, store, hold, and otherwise control Bitcoins, and copies of any and all records and documents relating to these addresses.

3. A list of all addresses that Peter Vessenes utilizes and has previously utilized to mine, receive, transfer, store, hold, and otherwise control Bitcoins, and copies of any and all records and documents relating to these addresses.

4. Copies of any and all records and documents relating to the "business loan" extended to the Debtor by XRAY Holdings Limited ("XRAY"), including without limitation, loan documents, corporate resolutions, minutes, correspondence.

5. Copies of all records and documents relating to any and all current and past obligation(s) owed by the Debtor to CoinLab.

6. Copies of any and all records and documents relating to the Debtor's transfer of 10,000 Bitcoins to CoinLab on or about October 29, 2013.

7. Copies of records of any and all transfers of Bitcoins or cash equivalents from Debtor to other parties, including, but not limited to, CoinLab, XRAY, any and all parties to Bitcoin presale agreements with Debtor, Peter Vessenes, Brian Cartmell, and any other insiders of the Debtor as the terms is defined under §101(31) of the Bankruptcy Code, including without limitations, all communications (including emails, text messages, instant messages, and all other forms of electronic communication), price estimates, agreements, invoices, statements of work, cancelled checks, wire transfer statements, receipts and communications relating to such transfers.

8. Copies of any and all financial statements or other lists of assets, liabilities, and/or income for the Debtor in the two (2) years preceding the Debtor's bankruptcy filing.

9. Copies of any and all checking and savings registers, bank account statements, and bank books, including savings books and checking account records in the Debtor's name, or in the name of any individual or entity, that is holding or has held any funds on behalf of the Debtor during the two (2) years preceding the Debtor's bankruptcy filing.

10. Copies of any and all evidence of indebtedness owing from the Debtors to any third party, including, without limitation, promissory notes, loan agreements, finance agreements and leases and copies of any and all documents evidencing security for any indebtedness, and records of all consideration relating to such indebtedness.

*EX PARTE* ORDER AUTHORIZING RULE 2004 EXAMINATION - 3

128054.0001/5892618.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Case 13-19746-KAO    Doc 85    Filed 12/30/13    Ent. 12/30/13 16:11:31    Pg. 6 of 13

11. All documentation evidencing any capital contributions made by the Debtor's shareholders to the Debtor, including, without limitation, bank records, cancelled checks, wire transfer documentation, deeds, or other conveyance documents.

12. Copies of any and all organizational documents of any other business(es) owned or controlled by the Debtor, or in which Debtor has stock or interest of any kind, including, but not limited to, minutes and resolutions, bylaws, shareholder agreements, operating agreements, articles of incorporation, buy-sell agreements, stock registers, and stock certificates.

13. All documents and communications (including emails, text messages, instant messages, and all other forms of electronic communication) by or between the Debtor and XRAY, Brian Cartmell and Joel Yarmon relating to transactions with the Debtor.

14. Copies of any and all organizational documents of the Debtor, including, but not limited to, minutes and resolutions, bylaws, shareholder agreements, operating agreements, articles of incorporation, buy-sell agreements, stock registers, and stock certificates.

15. Copies of any and all organizational documents of CoinLab, including, but not limited to, minutes and resolutions, bylaws, shareholder agreements, operating agreements, articles of incorporation, buy-sell agreements, stock registers, and stock certificates.

16. Copies of any and all documents concerning or relating to all security measures in place by the Debtor and/or CoinLab to secure any Bitcoins that the Debtor and CoinLab possess.

17. Copies of any and all records in connections with the ownership of Bitcoins by the Debtor, CoinLab and XRAY.

18. Copies of any and all records concerning or relating to all Bitcoins mined by the Debtor and/or CoinLab during the two (2) years preceding the Debtor's bankruptcy filing.

19. Any and all income tax returns for the Debtor for the two (2) years preceding the Debtor's bankruptcy filing, including without limitations, schedules, amendments, attachments, exhibits and all other documents relating to such income tax returns.

20. Copies of any and all records and documents concerning or relating to the acquisition of any Bitcoin mining equipment or parts for any such equipment during the two (2) years preceding the Debtor's bankruptcy filing.

21. Copies of all documents and communications (including emails, text messages, instant messages, and all other forms of electronic communication) concerning or relating to any efforts undertaken by the Debtor, or any other person or entity on behalf of the Debtor, to market, sell, list for sale, and otherwise solicit purchase offers for any Bitcoin mining equipment or any parts for such equipment during the two (2) years preceding the Debtor's bankruptcy filing.

*EX PARTE* ORDER AUTHORIZING RULE 2004 EXAMINATION - 4

128054.0001/5892618.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Case 13-19746-KAO    Doc 85    Filed 12/30/13    Ent. 12/30/13 16:11:31    Pg. 7 of 13

22. Copies of all documents relating to any and all deeds, bills of sale, excise tax affidavits, and other transfer documents, not otherwise described herein, relating to Debtor's ownership of, or interest in, any real or personal property, cash or cash equivalents.

23. Copies of all records, documents and correspondence (including emails, text messages, instant messages and any other forms of electronic communications) concerning or relating to the Debtor's agreement with Daniel H. Gallancy, Bitvestment Partners LLC and/or Dalsa Barbour LLC.

24. A list of all current and former employees of the Debtor and CoinLab.

25. A list of all current and former board members of the Debtor and CoinLab.

26. Copies of all budgets, business plans, due diligence materials, revenue projections and estimates prepared by the Debtor, or any other party on behalf of and for the Debtor, during the two (2) years preceding the Debtor's bankruptcy filing, including without limitation, expense estimates for Bitcoin mining equipment (including components and parts), service and labor, historical estimates for Bitcoin mining capacity that would result from the above-referenced expenditures, the estimated timing of the availability and deployment of the mining capacity, and historical estimates for overall industry Bitcoin mining capacity.

27. Copies of all records and documents concerning or related to all Bitcoin pre-sale agreements to which the Debtor is or has been a party, including without limitation, Chris Koss, Bobby Seidensticker III, Barry Silbert, Soule Investment LLC, Jon Chin, Roger Ver, BTC Agreements.

*EX PARTE* ORDER AUTHORIZING RULE 2004 EXAMINATION - 5

128054.0001/5892618.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Case 13-19746-KAO    Doc 85    Filed 12/30/13    Ent. 12/30/13 16:11:31    Pg. 8 of 13

# EXHIBIT 1

## CONFIDENTIALITY AGREEMENT

IN THE MATTER OF:  *In re CLI HOLDINGS, INC. dba ALYDIAN*
U.S. Bankruptcy Court, Western District of Washington
Case No. 13-19746-KAO

Bitvestment Partners LLC f/k/a Dalsa Barbour LLC ("Bitvestment") and CLI Holdings, Inc. dba Alydian ("Debtor"), enter into the following Confidentiality Agreement as of December __, 2013 (the "Effective Date"), in relation to production of confidential documents by Debtor. At times herein Bitvestment and Debtor shall be referred to jointly as "the Parties."

## RECITALS

A. CLI Holdings, Inc. dba Alydian is the debtor in the Chapter 11 bankruptcy case pending in the Bankruptcy Court for the Western District of Washington under Case No. 13-19746-KAO (the "Bankruptcy Case.")

B. Bitvestment is a creditor in the Bankruptcy Case.

C. Bitvestment has requested that Debtor produce certain files that may contain confidential information.

D. Bitvestment has agreed that to the extent any information regarding Debtor-controlled Bitcoin addresses are referenced in any publicly filed Court record, such addresses shall be partially redacted.

E. Bitvestment also agrees that it will not sell the information it receives in response to its Rule 2004 document production request.

## AGREEMENT

128054.0001/5907156.1

NOW, THEREFORE, in consideration of the promises, releases and covenants contained herein, and for other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged by the Parties, Bitvestment and Debtor agree as follows:

**1.     Scope of Agreement.** The sole purpose of this Agreement is to protect the addresses of the Debtor-controlled Bitcoin addresses and any other information designated to be kept confidential in the Court's Order Granting Bitvestment Partners, LLC's Motion to compel (the "Order"). Nothing in this Agreement shall be construed to limit Bitvestment's statutory rights or remedies.

**2.     Confidential Information Defined.**

(a)     "Confidential Information" means the Bitcoin addresses owned and/or controlled by the Debtor and any other information designated as confidential in the Order.

**3.     Obligation.**

(a)     Use of Bitcoin Addresses:     Bitvestment shall keep the Debtor's Bitcoin addresses confidential in accordance with paragraph (b) below; provided that Bitvestment may reference such addresses in any publicly filed Court record, provided that such addresses shall be partially redacted.

(b)     Treatment of Confidential Information:     Confidential Information and all copies or reproductions thereof, and all information contained therein, cannot be disclosed, disseminated, or communicated in any manner, directly or indirectly, except to the following "Qualified Persons":

1.     The parties' counsel of record herein and persons regularly employed as in-house counsel, including all regular employees of counsel such as legal associates, paralegals, secretaries and other support staff;

2. The Court, in camera, and to persons serving as court personnel or court reporter personnel or staff in connection with this case;

3. Parties in this action, or an officer, director or employee of a party, deemed necessary by counsel to and in the prosecution, defense or settlement of this case;

4. Consultants or experts of any party deemed necessary by counsel to aid in the prosecution, defense or settlement of this case, provided all such persons must be informed of this Agreement and agree to its terms before any Confidential Information is communicated to them;

5. Any person contacted or interviewed by counsel for use or potential use as a witness in this Case, provided all such persons must be informed of this Agreement and agree to its terms before any Confidential Information is communicated to them;

6. Witnesses to the extent such confidential materials are used in depositions or court proceedings.

Confidential Information, all copies or reproductions thereof, and all information contained therein shall be used by Qualified Persons subject to this Agreement solely for the purpose of the prosecution or defense of the claims in this bankruptcy case or in the litigation pending between the parties in the Southern District of New York and for no other purpose whatsoever.

**4.** **Term and Termination.** This Agreement shall become effective on the date of execution by Debtor and Bitvestment.

**5.** **Severability.** In the event a court of competent jurisdiction finds that any provision of this Agreement is unlawful or unenforceable, then it is the intent of the Parties that such court apply a rule of reasonableness and modify the provision in question so that it will remain in effect to the greatest extent permitted by law. In the event a court finds such procedure

3

to be inappropriate, then the provision held unlawful or unenforceable shall be excised from this Agreement and the remaining provisions of this Agreement will remain in full force and effect.

6. **<u>General</u>**.

(a) The terms of this Agreement are binding on the Parties and their subsidiaries, affiliates, successors, licensees, agents, employees and associated individuals, and on any party controlling, controlled by or under common control with any of the foregoing.

(b) No failure or delay by Bitvestment in exercising any right, power or privilege under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any such right, power or privilege preclude any other or further exercise thereof.

(c) Any modification to this Agreement must be in writing and signed by the Parties hereto.

(d) Each provision herein will be treated as a separate and independent clause, and the unenforceability of any one clause will in no way impair the enforceability of any of the other clauses herein.

(e) The Parties agree that the laws of the State of Washington shall govern this Agreement, without regard to Washington choice of law principles. Suits relating to this Agreement will be brought in the appropriate court in the State of Washington and the Parties hereby submit to and waive any objection to the jurisdiction of such court.

7. **<u>Counterparts</u>**. This Agreement may be executed in one or more counterparts, and by the different parties hereto in separate counterparts, each of which when executed shall be deemed to be an original but all of which taken together shall constitute one and the same agreement. This Agreement shall may be signed by each of the parties and delivered by facsimile, e-mail or other means to the other party.
4

Authorized signers for the parties have executed this Agreement as of the Effective Date.

BITVESTMENT PARTNERS LLC F/K/A DALSA BARBOUR LLC

By_____
Date: _____


CLI HOLDINGS, INC. dba ALYDIAN

By_____
It's_____
Date:_____

5

128054.0001/5907156.1