The Honorable Karen A. Overstreet
Chapter 11
Hearing Location: Seattle, WA, Room 7206
Hearing Date: February 28, 2014
Hearing Time: 9:30 a.m.
Response Date: February 21, 2014

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

CLI HOLDINGS, INC. dba ALYDIAN,

Debtor.

Case No. 13-19746-KAO

MOTION TO DISMISS CHAPTER 11 CASE

COMES NOW COINLAB, INC. ("CoinLab"), a creditor and equity holder in this case, and files this Motion to Dismiss Chapter 11 Case under Bankruptcy Code § 1112(b), and in support thereof, states as follows.

## BACKGROUND

1. CLI Holdings, Inc. dba Alydian ("Alydian" or the "Debtor") filed its voluntary chapter 11 case on November 1, 2013. Since the petition date, Alydian has been operating as a debtor in possession under Bankruptcy Code §§ 1107 and 1108. No trustee, examiner or committee has been appointed in this case.

2. The Debtor is in the business of mining bitcoins.

3. The Debtor is current with its monthly operating reports. CoinLab believes that there are no outstanding requests to the Debtor from the US Trustee's Office. In addition, in response to questions from the Court at the hearing on the Debtor's Motion to Sell Estate

MOTION TO DISMISS CHAPTER 11 CASE - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51351256.2

Case 13-19746-KAO    Doc 112    Filed 02/07/14    Ent. 02/07/14 18:03:18    Pg. 1 of 4

Property Free and Clear of Liens ("Sale Motion") held on January 10, 2014, the Debtor filed an Amended Monthly Financial Report for November 2013 [DE 108] on January 24, 2014.

4. As set forth in response to Statement of Financial Affairs No. 21b. [DE 11], CoinLab holds 65% of the common stock of the Debtor. XRay Holdings Limited owns the remaining 35%. Peter Vessenes is the Managing Director of the Debtor, and is also the CEO of CoinLab. CoinLab is a bitcoin business incubator, meaning that it aims to create and foster high value businesses that can participate in the bitcoin ecosystem.

5. As the Court noted during the hearing on the Debtor's Sale Motion, this bankruptcy case has been dominated by a dispute with Bitvestment Partners LLC fka Dalsa Barbour LLC ("Bitvestment"). Transcript of Sale Hearing, p. 118, l. 25 – p. 119, l. 1-6, Exhibit A to Declaration of Jane Pearson in Support of Motion to Dismiss ("Pearson Decl."). These disputes included rejection of the bitcoin services agreements with the Debtor [DE 12], 2004 examinations [DE 52, DE 59], and the Sale Motion. As of the petition date, Bitvestment was the plaintiff in a lawsuit ("Lawsuit") pending in the United States District Court for the Southern District of New York against Alydian, CoinLab and Mr. Vessenes. Statement of Financial Affairs No. 4. [DE 11]. The bankruptcy filing stayed the Lawsuit as to Alydian, allowing it to focus on operations. However, the Lawsuit has proceeded against CoinLab and Mr. Vessenes.

6. CoinLab and its counsel were present at the hearing on the Sale Motion and took note of the Court's concerns regarding the dispute with Bitvestment, and whether this case was, in effect, a two-party dispute. Accordingly, after the hearing, CoinLab, Mr. Vessenes and Bitvestment engaged in extensive negotiations and settled the Lawsuit, which has been dismissed with prejudice. The Debtor is a beneficiary of, but not a party to, the settlement. The settlement included an assignment to CoinLab of Bitvestment's claim in this case [Claim No. 11]. This assignment is reflected by the evidence of the transfer that CoinLab will file shortly after filing this motion.

MOTION TO DISMISS CHAPTER 11 CASE - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51351256.2

Case 13-19746-KAO    Doc 112    Filed 02/07/14    Ent. 02/07/14 18:03:18    Pg. 2 of 4

7.  Since the hearing on the Sale Motion, CoinLab has also obtained an assignment of the unsecured claim [Claim No. 6] of XRAY Holdings Limited. This assignment is reflected by the evidence of the transfer that CoinLab will file shortly after filing this motion.

8.  As reflected in Schedule F, general unsecured creditors [DE 11], all of the remaining creditors in this case (with the exception of CoinLab's trade credit claim) consist of persons with whom the Debtor had a Presale Service Agreement. Each of these agreements contains an arbitration provision under which any dispute will be resolved through binding arbitration in Seattle under AAA rules. *See* exhibits to Declaration of Peter Vessenes [DE 13] and exhibits to Amended Declaration of Peter Vessenes [DE 22].

## LEGAL AUTHORITY

Under Bankruptcy Code § 1112(b)(1), the court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under § 1104(a) of a trustee or an examiner is in the best interest of creditors and the estate."

Here, CoinLab requests that the Court dismiss this case for cause because dismissal is in the best interests of creditors and the estate. Cause exists because the dispute with Bitvestment that has dominated the case has been resolved by dismissal with prejudice of the Lawsuit. Further cause exists because it appears likely that the Court, if asked, would enforce the arbitration provisions for a determination of the remaining claims of the counterparties to the Bitcoin Services Agreements. CoinLab believes that these claims are likely to be settled.

In addition, as the Court noted during the Sale Hearing, operation of a bitcoin mining company is something more capably performed by Alydian than by a chapter 7 trustee. *See* Transcript of Sale Hearing, p. 39, l. 22, Exhibit A to Pearson Decl. CoinLab believes that all the creditors in this case prefer that Alydian continue to operate its business. CoinLab believes that it is in the best interests of creditors and the bankruptcy estate for the case to be dismissed and for Alydian to manage its mining operations and their wind-down, and for Alydian and the

MOTION TO DISMISS CHAPTER 11 CASE - 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51351256.2

Case 13-19746-KAO    Doc 112    Filed 02/07/14    Ent. 02/07/14 18:03:18    Pg. 3 of 4

remaining creditors to resolve any disputes they may have by agreement or, if necessary, through the procedure they have already agreed upon - binding arbitration under AAA rules in Seattle.

Dismissal is also in the best interest of creditors and this estate because the volatility of the bitcoin market requires immediate action and flexibility. When Alydian and the counterparties to the Bitcoin Services Agreements reach agreement regarding claims, or when those claims are otherwise resolved through AAA arbitration, Alydian will be in a position to act competently and quickly to pay those claims through liquidation of bitcoins, which requires highly specialized knowledge.

There are no unusual circumstances establishing that dismissing the case is not in the best interests of creditors and the estate.

WHEREFORE, CoinLab requests that the Court enter an order substantially in the form submitted herewith dismissing this case under Bankruptcy Code § 1112(b).

DATED this 7th day of February, 2014.

FOSTER PEPPER PLLC

*/s/ Jane Pearson*
Jane Pearson, WSBA #12785
Attorneys for CoinLab, Inc.

MOTION TO DISMISS CHAPTER 11 CASE - 4

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51351256.2

Case 13-19746-KAO    Doc 112    Filed 02/07/14    Ent. 02/07/14 18:03:18    Pg. 4 of 4